## ARTHUR C. NESBITT v. TWIN CITY FORGE & FOUNDRY COMPANY.[1]

### April 1, 1920.

### No. 21,590.

**Workmen's Compensation Act — injury while going to or returning from work.**

1. As a general rule an injury suffered by an employee in going to or returning from the employer's premises where the work of his employment is carried on, does not arise out of his employment so as to entitle him to compensation under the Workmen's Compensation Act.

**Same — injury while riding to work.**

2. Construing subsection (i) § 8230, G. S. 1913, it is *held* than an accidental injury to a workman sustained while he was riding to his place of work in a conveyance furnished by his employer, in compliance with one of the terms of the contract of employment and for the use of his employees, but in which the workman was not directed or required to ride, does not arise out of and in the course of the employment, it appearing that the injury was received before, and not during, the hours of the workman's service, when his employer had no control over him and before the beginning of the period covered by his wages.

[1] Reported in 177 N. W. 131.

Action in the district court for Ramsey county to recover $7,500 for personal injuries. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Brill, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a dismissal upon the grounds that plaintiff had failed to establish the negligence alleged in his complaint and that there was contributory negligence shown by himself; and, second, upon the ground that the case was shown, by the proof and by the pleading, to be a compensation case within the liberal interpretation which the court has placed upon accidents arising out of and in the course of employment, denied its motion for a directed verdict, denied plaintiff's motion for a directed verdict for such amount as under the instructions the jury might find plaintiff entitled to, and a jury which returned a verdict for $2,500. Defendant's motion for judgment notwithstanding the verdict, and if that motion were granted, for an order awarding plaintiff compensation for injuries received as the result of accident under the Workmen's Compensation Act, was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*George H. Sullivan* and *Ware & Melvin,* for appellant.

*Orr, Stark & Kidder,* for respondent.

LEES, C.

This is an appeal from an order denying defendant's motion for judgment notwithstanding the verdict, in an action for damages for personal injuries caused by defendant's negligence.

It is urged as the sole ground for reversal, that plaintiff and defendant were both under the Workmen's Compensation Act of this state when plaintiff was injured, and that he is entitled only to the compensation provided for by that act. Briefly stated, the facts are as follows:

Defendant was making shells for the United States Government at Stillwater in this state, carrying on its business in two separate buildings, respectively known as the "Upper" and the "Lower Plant." A large number of men were employed in each building. Plaintiff worked at the upper plant as a furnace feeder. He worked eight hours per day, was paid by the hour, and received pay from the time when he "punched in" on the time clock in the building where he worked. The upper

plant was located a mile or more from the end of the nearest street-car line. The men employed there objected to walking from the car line to the plant when they went to work. To satisfy them, defendant put in service two of its automobile freight trucks, running them from the upper plant to the car line to carry its employees to and from their work. It was part of his contract of employment that plaintiff, in common with other employees, should have the right to ride gratis on these trucks in going to and returning from his work. While thus riding on his way to his place of work but before reaching it, and before the beginning of the period for which he received wages, he was injured as the result of the negligence of the driver of the truck, and brought this action to recover general damages.

At the close of plaintiff's case, defendant requested the court to dismiss the jury and proceed to dispose of the case under the compensation act, and at the close of all the evidence it moved for a directed verdict on the ground that plaintiff's only remedy was under that act. The court ruled against defendant in each instance and plaintiff had a verdict for $2,500.

The decision of the case turns upon the construction of those portions of the compensation act which read as follows:

"If both employer and employee, shall * * * become subject to part 2 of this act, compensation * * * shall be paid * * * in every case of personal injury * * * caused by accident, arising out of and in the course of employment." Section 8203, G. S. 1913.

"Without otherwise affecting either the meaning or interpretation of the abridged clause, personal injuries arising out of and in the course of employment, it is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen." Subsection (i), § 8230, G. S. 1913.

The latter provision has been referred to or considered in the following cases: State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912; Otto v. Duluth Street Ry. Co. 138 Minn. 312, 164

N. W. 1020; State v. District Court of Itasca County, 140 Minn. 470, 168 N. W. 555; Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532; State v. District Court of Hennepin County, 144 Minn. 259, 175 N. W. 110; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694. In none of them did the facts present the precise question now before us. Defendant refers us to decisions of other courts that fairly sustain its contention that plaintiff's injuries were caused by accident arising out of and in the course of his employment.

Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; Littler v. George A. Fuller Co. 223 N. Y. 369, 119 N. E. 554, and Scalia v. American Sumatra Tobacco Co. 93 Conn. 82, 105 Atl. 346, are the leading American cases and are directly in point. The weight to be given them is lessened by the fact that they were decided under statutes which do not contain the qualifying provision found in our statute and set out above.

This court has several times had before it cases involving the question of whether a person when injured was engaged in the discharge of the duties of his employment so as to subject his employer to liability. Rosenbaum v. St. Paul & D. R. Co. 38 Minn. 173, 36 N. W. 447, 8 Am. St. 653; McDonough v. Lanpher, 55 Minn. 501, 57 N. W. 152, 43 Am. St. 541; Benson v. Chicago, St. P. M. & O. Ry. Co. 78 Minn. 303, 80 N. W. 1050; Wallin v. Eastern Ry. Co. of Minn. 83 Minn. 149, 86 N. W. 76, 54 L.R.A 481; Thomas v. Wisconsin Central Ry. Co. 108 Minn. 485, 122 N. W. 456, 23 L.R.A.(N.S.) 954.

Whether a servant was acting in the course of or within the scope of his employment so as to subject the master to liability to a third person for the consequences of the servant's acts has also been very frequently considered by this court. From among such cases plaintiff has selected Morier v. St. Paul, M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793, and Kuehmichel v. Western Union Tel. Co. 125 Minn. 74, 145 N. W. 788, L.R.A. 1918D, 355, as demonstrating that he was not in the line of his employment when injured. All but the last of these cases arose prior to the enactment of the compensation law, and it was not involved in the Kuehmichel case. It was involved in Podgorski v. Kerwin, supra, where the court said:

"It is a well settled general rule that an injury suffered by an em-

ployee in going to or returning from the employer's premises where the work of his employment is carried on, except in special instances not here involved, does not arise out of his employment so as to entitle him to compensation."

Upon this general rule some courts have ingrafted the following exception:

"When an employee is injured while riding to his place of work in a conveyance provided by the employer, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which they are required, or, as a matter of right, are permitted to use by virtue of that contract, the injury may be held to have arisen out of and in the course of the employment so as to entitle the employee to compensation."

This statement of the exception to the rule is taken from Donovan's case, supra. Cases in which it has been given or denied recognition are collected in 1 Honnold, Workmen's Comp. § 110; Bradbury, Workmen's Comp. p. 480; L.R.A. 1916A, pp. 61, 235; L.R.A. 1918F, p. 907. So far as we have discovered, the statutes in all of the cases where the exception has been recognized do not contain the qualifying clause which is in our statute.

Practically all compensation statutes make use of the words "in the course of the employment." It is generally stated that the phrase refers, among other things, to the period of employment. It had been an endless source of difficulty to determine when that period begins and ends. We think the legislature undertook to set the question at rest by subsection (i), § 8230. Great Britain's compensation act contains part of the phraseology of this subsection. It provides that the act shall not apply where the accident occurred elsewhere than on, in, or about the premises on which the employer had undertaken to execute the work. The English cases construing this provision of the act are not in harmony. Some do and others do not recognize the above stated exception to the general rule. See 25 Harvard L. Rev. 405.

In the 1911 report to the legislature of the Minnesota Employees Commission, subsection (i) appears in the identical form in which it is found in the statute. In an explanatory note appended to it, the

commission said that it was intended to put a few limitations upon the expression "personal injuries arising out of and in the course of employment," for fear that it might not receive the same interpretation that it was meant to have  In State v. District Court of St. Louis County, supra, this court also spoke of subsection (i) as being in the nature of a limitation of the general clause "arising out of and in the course of employment."  We are now called upon to decide whether the general rule stated in Podgorski v. Kerwin, supra, should be made subject to the exception heretofore mentioned in view of the limitations expressed in subsection (i).

When plaintiff was injured, he was not in, on, or about the premises where his services were performed, unless it may be said that the truck on which he was riding was for the time being part of such premises. A situation might arise which would require such a holding.  It is not present here, for, when plaintiff was injured, he was not at a place where he was performing or might perform any service for defendant, nor at a place where his presence was required, as he had not been directed to ride on the truck, but was doing so for his own convenience.  The injuries were suffered before and not during his hours of service, at a time when defendant had no control over him, and before the period covered by his wages had begun.  The facts here presented are less favorable to the contention that plaintiff is within the act than they were in Otto v. Duluth Street Ry. Co. supra, or in Erickson v. St. Paul City Ry. Co. supra, where a similar contention was not sustained.  What was said in the opinions in those cases points to the conclusion we reach in this case.

We hold that the express terms of subsection (i), § 8230, G. S. 1913, exclude plaintiff from the operation of the compensation act, and that he was properly permitted to recover in this action.

It may be that cases will arise where it will be a hardship to an employee to deny him compensation for an injury received while on his way to his place of work.  It may be desirable to extend the act so that it will apply to cases of that sort.  That, however, is a matter for the consideration of the legislature and will doubtless receive at its hands the attention it merits.

Order affirmed.