(104 So. 527)

## Ex parte TAYLOR.

## TAYLOR v. BIRMINGHAM ELECTRIC CO.

(6 Div. 427.)

(Supreme Court of Alabama. May 28, 1925.)

**1. Master and servant ⟨⟫375(2)—Injury to workman, alighting from street car boarded after day's work, held not compensable as "arising out of and in course of employment."**

Where deceased, a track layer for defendant street railway company, boarded its street car to go home, riding on transportation ticket furnished him by company, an injury to him from passing automobile while he was alighting from car *held* not one arising out of and in course of employment within Workmen's Compensation Act, § 36, subd. (j).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**2. Master and servant ⟨⟫375(2)—Place of accident, to track layer going from work, held not premises where service was "being performed."**

That some time prior to accident deceased's work as track layer was about place of accident, occurring when he alighted from employer's street car transporting him from work, *held* not to make such place premises where his service was "being performed" within Workmen's Compensation Act, § 36, subd. (j) at the time.

Certiorari to Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of Rosie Taylor for certiorari to the circuit court of Jefferson county to review the judgment there rendered in a proceeding under the Workmen's Compensation Act by Rosie Taylor against the Birmingham Electric Company. Writ denied; judgment affirmed.

S. R. Hartley, of Birmingham, for appellant.

The deceased employé was injured in the course of his employment, and his dependents are entitled to compensation. St. Bernard Cypress Co. v. Johnson, 222 F. 246, 137 C. C. A. 662; B. R., L. & P. Co. v. Sawyer, 156 Ala. 199, 47 So. 67, 19 L. R. A. (N. S.) 717; A. G. S. v. Brock, 161 Ala. 351, 49 So. 453; State v. District Court, 128 Minn. 43, 150 N. W. 211; De Camp v. Youngstown M. R. Co., 110 Ohio St. 376, 144 N. E. 128. The provisions of the Compensation Act are to be liberally construed. State v. District Court, 128 Minn. 43, 150 N. W. 211; ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Lienau v. N. W. Tel. Co., 151 Minn. 258, 186 N. W. 945; Ex parte L. & N., 208 Ala. 216, 94 So. 289; ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728.

Mullins & Jenkins, of Birmingham, for appellee.

The relationship of employer and employé did not exist at the time of decedent's injury. He was injured in a public street and not engaged in or about the premises where his services were being performed, nor during the hours of service. Petitioner is not entitled to recover. Code 1923, § 7596 (j); Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711; Otto v. Duluth S. R. Co., 138 Minn. 312, 164 N. W. 1020; Erickson v. St. Paul C. R. Co., 141 Minn. 166, 169 N. W. 532; Nesbitt v. Twin City Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Hills v. Blair, 182 Mich. 20, 148 N. W. 243.

BOULDIN, J. This is a certiorari proceeding to review the judgment of the circuit court denying compensation to the dependent widow and minor children of a deceased employee under the Workmen's Compensation Law (Laws 1919, p. 206).

The sole question presented is whether the injury, causing death, arose out of and in course of the employment. The finding of facts by the trial judge, so far as relates to this issue, is as follows:

"Berry Taylor was employed by the Birmingham Electric Company on October 10, 1924, as a common laborer, and his duties were those of a common laborer in the grading and laying rails for street car tracks of said Birmingham Electric Company, and he continued in said employment to October 31, 1924, the day he was fatally injured. He was paid for his labor at the rate of 25 cents per hour and was employed 10 hours per day each day except Saturdays, and on Saturdays he was employed 9 hours. After three or four days from the time the said Berry Taylor was first employed, he was given at the end of each day's work two employee's tickets which entitled him to passage to and from his home to his work and on any of defendant's street car lines, one of said tickets entitling him to passage on the day the same was given him and the other entitling him to passage on the following day, each of said tickets being equivalent to one seven cents cash fare. It was customary for employees of the defendant doing the character of work done by Berry Taylor, deceased, to be furnished on request with tickets in the manner above stated. * * * On October 31, 1924, Berry Taylor, deceased, worked as a laborer at his said work for the defendant on First avenue, and at or near the point where Clara avenue intersected with First avenue in the city of Birmingham. He finished his day's labor at 5 o'clock in the afternoon and did not owe his employer any further duties under his employment until the following day at such time as he should report for work. Immediately after quitting work at 5 o'clock on said afternoon he left the place where his day's work had been performed, boarded one of defendant's street cars which passed along First avenue on his way to his home on First avenue and near Thirty-Seventh street, which

⟨⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was about a mile distant from the place where his day's work had been done. Immediately after stepping off of said street car at said First avenue and Thirty-Seventh street, in the public street, about eleven (11) minutes after five o'clock p. m., he was struck and fatally injured by a passing automobile and died on November 26, 1924. The court further finds and concludes that at time of said accident and injuries, said Berry Taylor was not engaged in, on or about the premises where his services were being performed nor where his service required his presence as a part of such service at the time of said accident, and that said injuries so sustained by the said Berry Taylor were not sustained by him by reason of an accident arising out of and in the course of his employment by the defendant within the meaning of the Workmen's Compensation Law of Alabama; and that petitioner and said stepchildren of Berry Taylor, deceased, are not entitled to compensation."

Upon these findings of fact, the correctness of the court's conclusion turns upon the construction of Code of 1923, § 7596, subd. (j), being Workmen's Compensation Act, § 36, which provides:

"*Personal Injuries, etc.*—Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen. * * *"

In Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711, the employee was injured. while being transported to his place of residence, after working hours, upon a motor truck operated by a third person under arrangement with the employer to collect the transportation charge out of the employee's wages. This court said:

"According to the findings of fact made by the court below, Grantham, when injured, was not upon the premises of the defendant; nor was he injured during his hours of service; nor was he, when injured, at a place where the duties of his service required him to be.

"Grantham, when injured, was en route to another place, remote from the place and scene of his service as workman for defendant; being transported at his own expense from the place of service to the town of his residence. * * *"

The court pointed out that clause (j) was borrowed from the Compensation Law of Minnesota (Laws Minn. 1921, c. 82) and is presumed to have been adopted in Alabama with the construction theretofore given it in Minnesota.

Among the Minnesota cases cited is Otto v. Duluth St. R. Co., 138 Minn. 312, 164 N. W. 1020. In that case the employee was the "trouble man" of an electric company, his duty being to go on call to any point on the system to remedy any defect in service lines. He was furnished a Ford car for use in his service, and privileged to use it for his own purposes when off duty. After service hours, while driving to his home for supper, and under instructions to return for extra night service, he was injured in a collision with a street car. The Minnesota court said:

"The statute leaves little room for doubt or argument on the question before us, for it provides that the phrase 'personal injuries arising out of and in the course of employment' shall be held 'not to cover workmen except while engaged in, on or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen.' Section 8230, subd. (i), G. S. 1913. The injury did not take place during the hours of plaintiff's service. He had completed the hours of his regular everyday service, and he had not begun the hours of his extra service. The time was then plaintiff's, used for his own purposes. The employer had no control over him until his return. * * *"

In Erickson v. St. Paul City R. Co., 141 Minn. 166, 169 N. W. 532, referring to the same statute, the court said:

"It is clear from these provisions that workmen who have completed their day's work and have left the premises where they were employed and are not engaged in performing any service of their employment, are not covered by the compensation law, until they again enter upon the performance of the service for which they are employed. In the case at bar it will be noted that the accident happened after the employés had completed their day's work and had left their place of employment and while they were proceeding toward their respective homes. Although they were riding on the truck of their employer, it clearly appears that their contract of employment imposed no obligation upon the employer to transport them to or from the place of work, and that they were merely riding as licensees to serve their own convenience. Their service for the day had terminated, they had left the place where such service had been performed, and were no longer engaged in performing any service for their employer. * * *"

In Nesbitt v. Foundry Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, the employer, on demand of the employees, furnished transportation by motor truck from the plant where they worked to a street car line, and the employee was injured in transportation. The court said:

"When plaintiff was injured, he was not in, on, or about the premises where his services were performed, unless it may be said that the truck on which he was riding was for the time being part of such premises. A situation might arise which would require such a holding. It is not present here, for. when plaintiff was injured, he was not at a place where he was performing or might perform any service for

defendant, nor at a place where his presence was required, as he had not been directed to ride on the truck, but was doing so for his own convenience. The injuries were suffered before and not during his hours of service, at a time when defendant had no control over him, and before the period covered by his wages had begun. * * *"

[1, 2] That case is very like the case at bar. Petitioner seeks to make a distinction in that here the employee was upon a street car of the employer running on the same line upon which the deceased was working. The employee was engaged in grading and laying track a mile or more from the place of the accident. It is not the case of an employee performing service on the moving car, nor of one being transported from one place to another place of work during working hours. The employment of deceased was localized. The premises on which he was working did not cover the entire street car line. That some time prior thereto his work as a track layer was about the place of the accident, did not make such place the premises where his service was "being performed" at the time.

The Nesbitt Case intimates that a situation may arise which would require such holding. Other cases above quoted, as well as our own case of Ex parte American Fuel Co., supra, take occasion to mention that the employee was not being transported to and from his place of work by the employer. While the language employed in the decisions imports that the limitation of subd. (j) excludes the case of injury during such transportation, the facts of the present case do not require us to pass on that question. If the employee, being transported as part of his compensation, can be held as constructively on the premises, and the hours of service extended to include the period of going and coming on the street car, which questions we do not now decide, the language of our statute and the spirit of the decisions above forbid extension to a case where the transportation had ended, the employer had no control over the employee, and the employee engaged in no service for the employer.

The findings of fact, well supported by evidence set out in bill of exceptions, show deceased had left the street car and was in the public street when struck by a passing automobile. It was immaterial whether he alighted or was struck within the zone covered by passing street cars on the track. He was in the public street, using it as such, and such use had no relation to service for the employer, was not the premises of the employer within subd. (j) of our compensation law. We adhere fully to the principles declared in Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728, and Ex parte Louisville

& N. R. Co., 208 Ala. 216, 94 So. 289. Those cases and many others, holding that our Workmen's Compensation Law should have a liberal construction in furtherance of the humanitarian purposes leading to its enactment, are distinguishable from the case at bar.

To extend it to this case, we think, would virtually leave subd. (j) without a field of operation, and be out of harmony with the former decisions of this court, as well as those of the Minnesota court.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.