ALEXANDER WIEST v. LeROY A. BOLDUC AND OTHERS.[1]

October 18, 1929.

No. 27,402.

*Sanborn, Graves & Andre* and *John W. Fischbach,* for relators.
*Wallace H. Berglund,* for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission allowing compensation to Alexander Wiest for injuries sustained while in the employ of the relators LeRoy A. and L. H. Bolduc, copartners as L. H. Bolduc & Company. The relator Royal Indemnity Company is the insurer.

[1]Reported in 227 N. W. 48.

It is provided by G. S. 1923 (1 Mason, 1927) § 4326(j), as follows:

"(j) Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services requires their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported, but shall not include an injury caused by the act of a third person or fellow employe intended to injure the employe because of reasons personal to him, and not directed against him as an employe, or because of his employment."

The portion of the statute relative to liability in case of transportation came into the statute by L. 1923, p. 398, c. 300, § 14. Prior to the amendment we held in Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, that an accident sustained by a workman riding to his place of work in a conveyance furnished by his employer in compliance with one of the terms of the contract of employment, but in which the workman was not directed or required to ride, did not arise out of and in the course of his employment, the injury being received before his period of service commenced. This was in accord with the authorities under statutes containing restrictive clauses such as ours and no provision making the workman subject to the act in the course of his transportation to or from his place of work. The amendment may have come into the statute because of the Nesbitt case. See Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840. Without it there would not be liability. Jotich v. Village of Chisholm, 169 Minn. 428, 211 N. W. 579; State ex rel. Jacobson v. District Court, 144 Minn. 259, 175 N. W. 110. The doctrine of Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778, and others of like

character, is inapplicable under the exclusionary portion of the statute. Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165.

Bolduc & Company were engaged in bridge construction at Saga Hill, some 26 or 28 miles west of Minneapolis. They had a small crew. Only two men stayed at the work nights, the engineer and fireman. The others rode to and from Minneapolis with the foreman. It does not appear what the arrangement was. On August 11, 1928, the company needed men. L. A. Bolduc sought out and hired Wiest. The arrangement was that they would go to and from the work in Bolduc's car. It was made upon Wiest's querying how he would get to and from the work. A bus line passed the place where the work was being done. The schedule does not appear. From the beginning, commencing on the following Monday, the company furnished transportation. The first two days Wiest went on a truck and came back in the auto. On Wednesday Bolduc learned that it was necessary that he go to Chicago, and he arranged with the county bridge inspector to take Wiest out and bring him in. This was in apparent recognition of the company's obligation. The inspector went out of his way several miles morning and evening in fulfilment of his undertaking. In returning on the afternoon of Saturday, August 18, the auto went into a ditch and Wiest was injured.

This in brief was the evidence. It sustains the finding of the commission that transportation was regularly furnished within the meaning of the statute, as a part of the contract of employment; that while being so transported Wiest was injured; and that his injury arose out of and in the course of his employment.

Order affirmed.