## JOHN (IVAN) MARKOFF v. EMERALITE SURFACING PRODUCTS COMPANY AND ANOTHER.[1]

January 26, 1934.

No. 29,645.

[1]Reported in 252 N. W. 439.

**556**

 

*Mitchell, Gillette, Nye & Harries* and *William O. Bissonett,* for relator.

*Thomas J. Carey,* for respondent.

*HILTON, Justice.*

*Certiorari* to review an order of the industrial commission awarding compensation for injuries sustained by an employe.

Markoff worked for relator in its plant located three miles from the city of Ely on state highway No. 35. He lived on a farm near that highway two miles from the plant and between it and Ely. Relator regularly furnished transportation to its employes, including Markoff, to and from work by means of a truck owned by it.

On March 4, 1932, after work at the plant had ceased, Markoff, together with other employes, was being transported homeward on the company truck. The truck had a cab; the back part of it was uninclosed. The employes thereon sat on the floor with their legs hanging downward; Markoff sat on the left side. When the truck reached a point on the highway opposite the path which led to the farm it was stopped on the right side of the highway, facing toward Ely, to permit Markoff to alight. He did so on the left side of the truck and started directly across the highway to reach the path. After descending and taking two or three steps (not over five feet) he was hit by a car going in the opposite direction from that of the truck and driven by a third person. Markoff was quite seriously injured.

The claims of relator are: (1) The notice of intention to claim compensation on behalf of the employe was insufficient in law; (2) the facts do not warrant an award of compensation to the employe for the reason that the accident did not arise out of and in the course of his employment.

■ The employe gave no written notice to the employer of the occurrence of the injury. However, the general superintendent of the employer knew of the accident within ten minutes after it happened; the foreman of the quarrying department of the plant in which Markoff worked, who was his immediate superior, rode on the same truck and knew of the accident. Through its superintendent and foreman the employer had knowledge of the occurrence of the injury. The finding to that effect was proper. Under such cir-- cumstances written notice is unnecessary. 1 Mason Minn. St. 1927, § 4280; State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. Crookston Lbr. Co. v. District Court, 132 Minn. 251, 156 N. W. 278; Kraker v. Nett, 148 Minn. 139, 180 N. W. 1014.

■ The workmen's compensation act, after making provision for compensation where injuries or death result to an employe from an accident arising out of and in the course of his employment, by § 4326(j) provides:

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; *provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported, * * *."*

The italicized portion of the above quotation came into the act by L. 1923, c. 300, and was apparently enacted because of the decision

in Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131. In that case the terms of the contract of employment provided for free transportation of the employes to and from the end of the nearest street car line to the place of work. It was held that the restrictive clause, "not to cover workmen except while engaged in, on, or about the premises," etc. prevented a recovery for injuries sustained by a workman while riding to his place of work in a conveyance furnished by his employer. The court recognized that the rule was otherwise in some jurisdictions not having such a restrictive clause. That restriction has now been removed in this state by the amendment of 1923, hereinbefore quoted, as to injuries sustained during transportation to or from the place of employment where the employer regularly furnishes such transportation, and such an injury is now one arising out of and in the course of the employment. Wiest v. Bolduc, 178 Minn. 310, 227 N. W. 48. See also Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840. The situation now is no different where the injury occurs during transportation furnished by the employer as an incident to the employment than where an injury occurs on the employer's premises, or at a place where the employe's services require his presence.

Whether or not Markoff's injury arose out of and in the course of his employment depends upon the determination of the question as to whether at the time of the injury he was being "so transported." We think he was. This court has never been called upon to decide the exact time or place when such transportation commences or ceases. That question has, however, been before courts of other jurisdictions not having in their workmen's compensation act a provision expressly covering injuries sustained during transportation furnished by the employer under the terms of the contract of employment.

In Scott v. Willis, 150 Va. 260, 263, 142 S. E. 400, the employer in the contract of employment had agreed to furnish free transportation to Willis "to and from his home * * * and the place where he was required to work." The transportation was furnished by means of a truck. At the end of a working day Willis was being transported to his home. The truck stopped on the extreme right-

hand side of the highway for Willis to alight. He lived on the left side of the road, as the truck was facing. He alighted from the right side of the truck, which then moved on. After walking to the back of the truck, Willis took two steps into the highway, intending to cross it, when he was hit by an automobile and injured. An award of compensation was sustained. The court in disposing of the first question presented, as to whether or not an injury sustained by an employe during transportation was compensable, said [150 Va. 265]:

"There seems to be now no question as to the law, and it is conceded by counsel for the plaintiffs in error that in view of the contract of the employer to transport the claimant back to his home, *if the injury occurred during the transportation, it arose out of and in the course of his employment, and is, therefore, compensable.*"

The italicized portion of the above holding is in effect the same as the proviso contained in our statute, § 4326(j), hereinbefore quoted, and the question then squarely before the court was whether, under the facts stated, the injury occurred during the transportation. On that issue it stated [150 Va. 266]:

"It could hardly be doubted, we think, that if the injury had occurred while the claimant was approaching the automobile for the purpose of commencing his journey, either to his work or to his home or while in the act of boarding it, that this would be compensable. It is difficult to fix the precise moment at which liability in such a case would cease—that is, the very instant when the homeward journey is ended; and in this case, under the facts, the question is very close. We agree with the commission, however, that the journey had not ended, and that the employe was still protected under the act. We think it can certainly be said that the transportation of this claimant to his home was not completed until he had reached a point which exempted him from the risks incident to that particular journey. He was not relieved of the peculiar risks incident to his journey while alighting from the truck or while necessarily in that part of the highway allotted to vehicles as distinguished from the sidewalks allotted to pedestrians. As in most accidents,

it is a question of seconds. We think in this case that his journey had not ended at the time of the claimant's injury; that he was in the act of leaving the vehicle of his employer, seeking a safe place on the sidewalk; and that the injury was so close in time and space as to be an incident of the transportation, and hence that it arose out of and in the course of his employment."

In Howes v. Stark Bros. N. & O. Co. 223 Mo. App. 793, 22 S. W. (2d) 839, the award and findings of the commission were in all things affirmed. In the opinion it is stated [223 Mo. App. 795]:

" 'The employer regularly furnished a bus to transport its employes to and from a city and its plant, about two miles distant, before and after working hours. While crossing a public highway to take the bus home from work the employe was struck and injured by a passing automobile.

" 'Where an employer furnishes a bus to transport its employes to and from their work between a city and its plant, two miles distant, such transportation is incident to the employment, and an accident to an employe in connection with such transportation arises out of and in the course of the employment.

" 'An accident to an employe while crossing a public highway to ride home from work in such bus is so connected with such transportation that it arises out of and in the course of the employment.' "

There, again, although the ultimate question was whether the injury arose out of and in the course of employment, it was first necessary to determine if the injury occurred during transportation. The court held that it did and that the injury arose out of and in the course of the employment notwithstanding the fact that Missouri has in its compensation act a restrictive provision similar to that before this court in the Nesbitt case, 145 Minn. 286, 177 N. W. 131.

The Howes case, 223 Mo. App. 793, 22 S. W. (2d) 839, cites and quotes at length from Flanagan v. Webster, 107 Conn. 502, 142 A. 201, the facts in which are strikingly similar and in point here. In Dellepiani v. Industrial Acc. Comm. 211 Cal. 430, 295 P. 826,

although compensation was denied because of the peculiar circumstances in the case, the court approved of the holdings in Scott v. Willis, 150 Va. 260, 142 S. E. 400, and Howes v. Stark Bros. N. & O. Co. 223 Mo. App. 793, 22 S. W. (2d) 839.

We conclude that the employe, Markoff, at the time of the accident was being "so transported." Such transportation was not complete. The accident arose out of and in the course of the employment, and the injury sustained was compensable. The award of compensation is affirmed with $75 attorney's fees to be taxed as costs in favor of respondent.

Affirmed.

*STONE, Justice* (dissenting).

I regret that I cannot carry my agreement in the first proposition of the opinion through to the second. It is there held that the process of transportation continued to the precise place of the accident and through the time thereof, notwithstanding that the employe had ceased to be a passenger in the employer's truck. My submission further is that, unless mere dictum rather than decision is enough, the cases cited do not support the conclusion. That is simply because in all of them the only question *decided* was whether the accident arose out of and in the course of the employment, and not whether it occurred during the course of transportation furnished the employe by the employer.

Here we are *not* concerned with the question whether the accident to Markoff arose generally out of and in the course of his employment. The decisive and only one under our statute, 1 Mason Minn. St. 1927, § 4326(j), is whether the employer's "transportation" of Markoff had ended. It may be put this way: At the moment of injury, was the employer still a carrier of Markoff? Still another phrasing of the query might be this: Did Markoff remain a passenger of the employer at the moment of his injury? These latter questions under familiar law should be answered, I submit, in the negative. In Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159, we were dealing with a charge of negligence made by a plaintiff who claimed that the accident hap-

pened while she remained a passenger on a street car. We assumed for purposes of decision that such claim was correct. But on the authority of cases from Pennsylvania, Ohio, Connecticut, Michigan, Indiana, and North Carolina, we said [164 Minn. 41]:

"Under ordinary conditions * * * an adult passenger on a street car ceases to be such when at the end of the trip he steps from the car onto the street."

So we could not hold that had Markoff just alighted from a motor bus he would yet have been a passenger of it at the moment of his injury. How then can we hold that he remained a passenger of the motor truck from which he had completely disembarked?

The basis of the liability of common carriers is negligence, whereas liability under the workmen's compensation law is imposed irrespective of negligence. But we are not now dealing with the *basis* of liability. We are dealing instead with its *reach* as limited by area, occasion, and time. The question being whether the process of transportation had ended, and the factors of decision the same, it strikes me that the rule applied to common carriage should be decisive. If so, Markoff, at the moment of his injury, had ceased to be a passenger. The process of transportation, through which and only through which the statutory liability extends, was at an end.

The legislature has drawn the line between liability and non-liability. Strong is the temptation to bulge it here and there to include deserving cases which otherwise would be excluded. But it must be resisted if we are to remain in the field of adjudication as distinguished from that of legislation. A case a foot or so, or even an inch or so, to one side of the line is just as definitely there as though it were a mile or more on that side. My reading of the statutory language is such that I cannot concur in the decision awarding compensation.

*LORING, Justice* (dissenting).

I think the transportation had ceased. The employe had stepped completely clear of the vehicle, and the hazard to which he exposed himself was not one incident to the transportation.