# HERMAN GEHRKE v. FRANK H. WEISS AND ANOTHER.[1]

February 10, 1939.

No. 31,857.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.
*Edwin C. Kraus* and *George T. Havel,* for respondent.

HOLT, JUSTICE.

This action was brought by the special administrator of the estate of Carl Gehrke, deceased, to recover damages on the ground

[1]Reported in 284 N. W. 434.

that the wrongful and negligent acts of defendants caused the death. The defense was that defendants as well as Carl Gehrke were under the workmen's compensation act; that the accident which resulted in his death arose out of and in the course of the employment and the remedy for the death must be sought under the act. When the evidence was all in, the court, Judge Tifft, on motion of defendants, directed a verdict in favor of defendants on the ground that the parties were under and governed by the workmen's compensation act. Plaintiff upon a settled case moved for a new trial. The motion was granted by Judge Moriarty, who had succeeded Judge Tifft, on the ground that it was for the jury upon this record to determine whether or not the injury causing Gehrke's death arose out of and in the course of his employment. Defendant Weiss appeals.

The facts as to which there can be no dispute are: Defendant Weiss in August, 1936, had a contract with the county to regrade and widen three miles of a north-and-south road in Blue Earth county. He used one or more elevating graders which scooped up and loaded the dirt to be moved onto trucks. Some eight trucks were used. The crew consisted of about 20 men. He had started the work at the south end of the job. Near the north end thereof he had established a camp where the men slept and took their meals, paying one dollar a day for the accommodations. He also had at the camp gasoline and oil for the trucks. On the day of the accident the work was being done about a mile and three quarters from the camp. It was a Saturday, and, to get through early, work started at 5:30 a. m. They quit work about ten minutes past four in the afternoon. It took about five minutes to arrange the trucks and machinery that was not to be taken to camp, so as not to interfere with travel over the road by the public, and to facilitate some work contemplated to be done on the machines on Sunday. Kruschke was to drive his truck to the camp, and Carl Gehrke and three other men were directed to ride in the Kruschke truck. One of the men took his place in front with the driver. The others stood in the body of the truck or sat on the sides thereof. There were some chuckholes in the road, also some loose gravel on the

sides. Kruschke speeded up to 35 or 40 miles an hour, a wheel struck a chuckhole, and in trying to control the truck one wheel encountered loose gravel, the truck "jackknifed" and tipped over. One of the men was instantly killed, Gehrke was thrown out in such a way that both legs were caught under the truck and crushed.

The only question on this appeal is whether Judge Tifft rightly directed a verdict in favor of defendants on the ground that Gehrke's death was due to an accident arising out of and in the course of his employment. It is clear that Judge Moriarty granted a new trial solely for the reason that in his judgment the evidence made it a fact issue whether or not Gehrke was covered by the compensation act when the fatal accident occurred. We think the only reasonable conclusion to be drawn from the evidence is that he was so covered. Defendant Weiss's testimony is clear that transportation was regularly furnished to and from the place of work to the camp, where the men ate and slept. At the time of the accident this camp was about a mile and three quarters from the place of work, and self-interest dictated that the employer furnish transportation, since a walk of three and a half miles for the midday meal in August would so tax the endurance of the men as to detract from their work. Moreover, he had sufficient trucks at his disposal, and, for that matter, some of such trucks might be in need of gasoline kept at the camp and could well be used in transporting the men. The compensation act, 1 Mason Minn. St. 1927, § 4326(j), states it is "not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported." It is to be noted that there need be no formal contract for such transportation. It is enough that the employer regularly furnishes the transportation. In the instant case, where it appears that the work was to be done by a crew of men to be fed and lodged at a camp fixed at some place on

the three-mile working place, it is obvious that out in the country where no transportation is available it was a case of necessity for the employer to provide it as long as the immediate place of the work was too far to walk. Of course, as the work approached the camp the need of transportation would cease. But that does not eliminate and destroy the arrangement for transportation so long as the necessity therefor existed. Appellant was the employer. There is nothing inherently improbable in his testimony that he furnished transportation regularly to those who did not have such of their own. Of course those who drove trucks drove them to camp and back whenever it was necessary to supply gasoline or oil to the truck they drove. But those operating machines that did not need to be taken to camp were directed to ride upon those that were driven to the camp. Appellant also testified that the actual work ceased a few minutes before the quitting time, so as to allow pay for at least part of the time the transportation was taking place. The fact that on this occasion such time had expired when the accident occurred is of no significance. The restriction in the workmen's compensation act to accidental injuries received on the premises where the work was being done or where his services required his presence and during the hours of service, as construed in Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, was removed by the legislature that convened after that decision was published, by adding the proviso "that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported." This does not require a formal contract between employer and employe, nor does it require that the transportation occur "during the hours of service." Under workmen's compensation acts not as restrictive as ours, prior to the amendment by L. 1923, c. 300, the courts have held that where transportation was furnished as incidental to the employment the act covered the employe while so transported. Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; Konopka v. Jackson County Road Comm. 270 Mich. 174, 176, 258 N. W. 429, 97 A. L. R. 552; In re Littler v. George A. Fuller Co. 223 N. Y. 369,

119 N. E. 554. In the Konopka case the court said that where "incident to the employment contract it is contemplated and understood by both the employer and the employee that the former will transport the latter to or from the place where the work is done" an accidental injury to the employe while thus transported arises out of and in the course of the employment. We have so held in Wiest v. Bolduc, 178 Minn. 310, 227 N. W. 48; Markoff v. Emeralite Surfacing Products Co. 190 Minn. 555, 252 N. W. 439. Respondent insists that it was for a jury to say whether appellant's testimony was true. But there was no evidence of any sort contradicting the same. Not only that, but all the facts and circumstances corroborate his testimony. The fact that the accident happened after the expiration of the working hours or that Gehrke could have left without going to the camp is of no consequence. He did avail himself of the transportation regularly furnished those who desired the same. If in a proceeding under the workmen's compensation act the industrial commission, upon the evidence now before us, had refused compensation to Gehrke's dependents, we would have been compelled to reverse. As the statutes were prior to L. 1923, c. 300, relief could have been granted herein by the district court, since it then administered the workmen's compensation act; but that is no longer possible. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10425, and cases cited in note 98.

Respondent claims the Nesbitt case, 145 Minn. 286, 177 N. W. 131, has not been overruled but is cited with approval in Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717; Kelley v. N. W. Paper Co. 190 Minn. 291, 251 N. W. 274. It is true there is no occasion to overrule the Nesbitt case, for it properly construed and applied the law as it then read. The act of 1923 amended the former statute so as to cover a workman against accidental injuries received not only on the employer's premises but also while being regularly transported to or from such premises by the employer.

Reliance is also placed on In re Kowalek v. N. Y. Cons. R. Co. 229 N. Y. 489, 492, 128 N. E. 888; Tallon v. Interborough R. T. Co. 232 N. Y. 410, 134 N. E. 327, 21 A. L. R. 1218. In both instances the defendant was a public carrier and as an accommodation to its

450

employes gratuitously furnished them a pass. There was no understanding that as an incident to the employment the employes were to receive transportation to or from the place of work. In the Tallon case there is a strong dissent from three members of the court.

The order granting a new trial is reversed on the ground that the remedy is under the workmen's compensation act, the evidence conclusively establishing that Gehrke was covered by that act when the fatal accident occurred; hence the verdict was properly directed in favor of appellant. Plaintiff is to seek relief under the workmen's compensation act.