# HARDWARE MUTUAL CASUALTY COMPANY v. LLOYD J. OZMUN AND OTHERS.[1]

April 28, 1944.

No. 33,635.

[1]Reported in 14 N. W. (2d) 351.

George, Owen & Brehmer, for appellant.
Galvin & Beatty and Sawyer & Sawyer, for respondents.

PETERSON, JUSTICE.

This is an action for a declaratory judgment determining whether plaintiff is liable, under a public liability automobile insurance policy issued by it to the defendant Lloyd J. Ozmun, to pay a judgment recovered against him by the defendant Viola Ozmun.

On December 30, 1941, Viola was injured as the result of a collision between a train and Lloyd's automobile, which he was driving and in which she was riding. She is his sister.

Lloyd was engaged in business for himself hauling milk for farmers from their farms to a milk processing plant in the city of Winona, where he and Viola lived. About three weeks prior to the accident Lloyd hired Viola to assist him in and about the truck. Each morning he picked her up at her home and went out on his route. She helped load the milk cans as they were gathered; kept "track" of butter orders given to Lloyd by his patrons; and, upon their arrival at the plant, assisted in unloading the truck, then in loading it with empty cans for the next day's hauling, and filling the butter orders. Upon completion of the work at the processing plant, Viola's work for the day was finished, and she was free thenceforth to do as she might desire—to go home or any other place.

The processing plant was located about a mile from Viola's home in a more or less sparsely settled part of the city and where for some distances there were no sidewalks. The normal routes of travel for Lloyd and Viola from the plant to their homes coincided

to a point about 1½ blocks from Viola's home. Ordinarily, she rode on the truck with Lloyd to this point. On two or three occasions she went directly downtown from the plant with Lloyd's wife. On five or six occasions, when the weather was stormy, Lloyd took Viola a block nearer to her home. This necessitated crossing the railroad track. The accident in question occurred on such an occasion.

There was no proof of any contract, express or implied, that Lloyd should transport Viola from the plant toward her home. Nor was there any proof of a communication or act by which it was made known to Viola that such transportation on the truck would be regularly furnished to her as an employe or otherwise. The court below found that Viola's riding toward her home after concluding her day's work "was gratuitous and permissive, a mere favor and not in furtherance of the business of said Lloyd J. Ozmun."

Viola, by her guardian, brought an action against Lloyd and the railroad company to recover for her personal injuries, claiming that both defendants were guilty of concurrent negligence. Plaintiff here, as Lloyd's insurer, took over the defense of the action for him. He denied that he was negligent and alleged that Viola was at the time his employe and as such under the workmen's compensation act. He did not set up the defenses of assumption of risk or contributory negligence. The reply denied the affirmative defenses. At the trial the case was dismissed as to the railroad company. The case was reopened as to Lloyd to permit Viola to show that Lloyd "didn't carry any insurance under the workmen's compensation law, or become a self-insurer, or in any other manner comply with the provisions of the law, and that the plaintiff has elected to sue under the common law." There was no determination as to whether Viola was covered by the workmen's compensation act at the time of the accident. Viola recovered a verdict for $5,000 against Lloyd, upon which judgment was entered.

In the present action for a declaratory judgment to determine plaintiff's liability under the policy to respond for Viola's judgment against Lloyd, it is conceded that the parties are not concluded on

that question by the prior judgment. Plaintiff contends that it is not liable under an exclusion clause in the policy, the material portion of which reads:

"* * *. but the policy shall not cover or apply to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment of the insured, * * * or to any obligation for which the insured may be held liable under any Workmen's Compensation Law."

Findings were made against plaintiff. It appeals from the judgment in favor of Viola against it for the amount of the judgment in the personal injury action against Lloyd plus interest and costs, and contends that (1) Viola was engaged in the business of her employer at the time of injury, with the consequence that liability is excluded under the first section of the exclusion clause; (2) Viola was injured under such circumstances that Lloyd as her employer "might" be held liable under the workmen's compensation act; and (3) Viola in her personal injury action made an election by which she is estopped from now claiming that she was not in the course of her employment and that she was not subject to the workmen's compensation act.

■ Viola's injury was not sustained while she was "engaged" in the business of the insured. This is settled by numerous decisions prior to the adoption of the provision of the workmen's compensation act, Minn. St. 1941, § 176.01, subd. 11 (Mason St. 1927, § 4326[j]), making the employer liable for compensation where he regularly furnishes transportation to his employes to and from the place of employment. Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. (2d) 812; Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165. In Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 168, 169 N. W. 532, 533, we held that an employe who had completed the day's work and in company with other employes was riding home on a truck of the employer upon a public street pursuant to permission, but not to any obligation on the part of the employer by contract, express or im-

plied, to furnish such transportation, was not engaged in performing any service for his employer, and said:

"* * * Although they were riding on the truck of their employer, it clearly appears that their contract of employment imposed no obligation upon the employer to transport them to or from the place of work, and that they were merely riding as licensees to serve their own convenience. Their service for the day had terminated, they had left the place where such service had been performed, and *were no longer engaged in performing any service for their employer.*" (Italics supplied.)

So it was here. Viola was serving her own convenience in riding toward her home with her brother; she was not then engaged in the insured's, her employer's, business.

▮ Viola was injured under such circumstances that Lloyd was not liable for compensation under the workmen's compensation act. Section 176.01, subd. 11 (§ 4326[j]), *supra,* reads:

"* * * provided, that where the employer regularly furnishes transportation to his employees to or from the place of employment, such employees shall be held to be subject to this chapter while being so transported."

The statute applies only where the transportation is *regularly furnished* as an incident of the employment. True, as we said in Gehrke v. Weiss, 204 Minn. 445, 284 N. W. 434, there need be no formal contract for such transportation; it is enough that the employer regularly furnishes it. The word "furnish," like others, varies in meaning, depending upon the connection in which it is used. It has been held that the word implies some degree of active effort to accomplish a contemplated purpose, something more than a passive willingness to respond to a demand. Opinion of the Justices, 300 Mass. 591, 14 N. E. (2d) 392, 115 A. L. R. 1158. The word is frequently used in workmen's compensation acts with such a meaning. Panasuk's Case, 217 Mass. 589, 105 N. E. 368; Dymak v. Haskins Bros. & Co. 132 Neb. 308, 271 N. W. 860. The last two cited cases involved the duty of an employer to furnish reasonable

medical services to an injured employe. By giving the word that meaning, a general contractor does not *furnish* to a subcontractor instrumentalities used on a job which he merely *permits* him to use. Keyser v. Reid-Palmer Const. Co. 78 Misc. 393, 138 N. Y. S. 452. As used here, the word *furnishes* implies that the employer by affirmative act provides or makes available to his employes regular transportation to and from their work as an incident of the employment. Mere permissive riding on the employer's vehicles not affirmatively provided as such transportation is not sufficient. The word *regularly* connotes that an occurrence is according to an established and arranged plan or rule and not to unexplained or irrational variation. McSherry v. City of St. Paul, 202 Minn. 102, 277 N. W. 541.

The finding here, that the transportation was "gratuitous and permissive, a mere favor and not in furtherance" of Lloyd's business, is sustained by the evidence. The time during which Viola had been employed at the time she was injured, the relationship of the parties, the manner in which the transportation was made available to her, and the frequency of the rides, when all are considered together, permit conflicting inferences as to whether Lloyd *regularly furnished* Viola with transportation home from her work. At the time the accident occurred, Viola had been employed only three weeks. On about 12 days she rode with Lloyd to a point about 1½ blocks from her home; on about five or six she rode to within a half block of her home; and on about two or three she did not ride with him at all. There were two relationships existing between the parties, namely, that of brother and sister and that of employer and employe. A brother's giving his sister a ride en route home is just as consistent with the relationship of brother and sister as it is with that of master and servant. There is no evidence to show either a contract or an arrangement for regular transportation. The proof does not affirmatively show that Lloyd *furnished* transportation rather than that he *permitted* Viola to ride with him. The burden of proof was on the plaintiff to establish the fact that the transportation was *regularly furnished* as an inci-

dent of the employment. The proof here fails to establish that fact to the exclusion of all others. The irregularity of the rides as to occasion and destination was such as to make it a fact question whether Viola rode pursuant to an arrangement under which Lloyd *regularly furnished* such transportation. Likewise, for lack of evidence one way or the other and because of the dual relationship between them, it was a question of fact whether the rides were attributable to the master-and-servant or to the family relationship. In that situation, the finding that the transportation was not *regularly furnished* as an incident of the employment but rather as a brotherly courtesy or accommodation should be sustained. State Farm Mut. Auto Ins. Co. v. Skluzacek, 208 Minn. 443, 294 N. W. 413. The resulting injury did not give rise to an obligation for which Lloyd *may* be held liable under the workmen's compensation act—he could not be held liable thereunder upon the facts established here.

■ The last contention is that Viola as an employe covered by the workmen's compensation act elected to bring the action for personal injuries rather than claim compensation under the workmen's compensation act, and that consequently she is now estopped by the election from asserting that she was not an employe covered by the act. The contention misconceives the basis of the personal injury action. She sued upon a cause of action for negligence, claiming that when the accident occurred she was not engaged in her service as an employe and was not riding pursuant to transportation regularly furnished by her employer. Her claims, if true, took her entirely out of the scope of the act. In that situation she had no valid claim to workmen's compensation. The *exclusive* remedy of an employe for personal injuries sustained when he is not covered by the act is an action at law to recover damages for negligence or breach of statutory duty. Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. (2d) 812; Hasse v. Victoria Co-op. Creamery Assn. 208 Minn. 457, 294 N. W. 475; Clark v. Banner Grain Co. 195 Minn. 44, 261 N. W. 596; Annotation, 105 A. L. R. 80. Here, Viola's right under the facts claimed by her

was a common-law action based upon negligence, which she brought.

Viola's decision to bring the personal injury action did not involve an election of remedies. The doctrine of election of remedies applies only where a party adopts one of two or more coexisting and inconsistent remedies which the law affords upon the same state of facts. Donaldson v. Mona Motor Oil Co. 190 Minn. 231, 251 N. W. 272; First Nat. Bank v. Flynn, 190 Minn. 102, 250 N. W. 806, 92 A. L. R. 1272; 2 Dunnell, Dig. & Supp. § 2910. Where, as here, there is only one remedy, the doctrine of election of remedies does not apply. In re Van Norman, 41 Minn. 494, 43 N. W. 334.

Where the employer other than the state or a municipality does not carry workmen's compensation or is not exempted from so doing as a self-insurer in accordance with the provisions of § 176.03 (Mason St. 1940 Supp. § 4272-2), an injured employe who is covered by the workmen's compensation act, at his option, *may elect* under § 176.04 (§ 4272-3) to claim compensation under the act or to maintain an action for damages. We shall assume that the statute gives the employe one of the two rights mentioned in such cases, but not both, and in effect requires a *true* election of remedies. But the election is limited to employes covered by the act. Viola at all times, in the personal injury action as well as in the instant case, consistently maintained that she was not covered by the act. She made no election as an employe covered by the act. True, she claimed in the personal injury action that she had *elected* to sue at common law and that Lloyd as her employer was not entitled to claim the benefits of the workmen's compensation act because of his failure to carry workmen's compensation insurance or to obtain exemption from so doing as a self-insurer. It is obvious that by *election* she referred to her decision to bring the action at law for personal injuries as an employe *not* covered by the act at the time of the accident. She did not mean that she had made an election of remedies, because, as has been pointed out, the decision involved no election of remedies, and consequently no election was or could have been made. It is equally plain that she did not mean that as an employe covered by the act she made an

election under § 176.03 (§ 4272-2), because, as has been pointed out, she claimed as a fact that she was not engaged in Lloyd's service and hence was not covered by the act at the time of the accident. Her claims were entirely inconsistent with making any such election. The claim that Lloyd was not entitled to the benefits of the act was made to bolster her case for negligence. See Anderson v. Hegna, 212 Minn. 147, 2 N. W. (2d) 820. Our conclusion is that by bringing the personal injury action as an employe *not* covered by the act, and by claiming in that action that Lloyd was not entitled to claim the benefits of the workmen's compensation act because of his failure to carry workmen's compensation insurance or to obtain exemption for so doing as a self-insurer, Viola made no election of remedies either under the act or otherwise.

Affirmed.

[1]Reported in 14 N. W. (2d) 347.