# OLENA KRAGNES v. GILBERT KRAGNES.[1]

March 6, 1914.

Nos. 18,442—(275).

**Will — doctrine of advancements inapplicable.**

1. The doctrine of advancements, as regulated and controlled by G. S. 1913, § 7404, applies to intestate estates only; it has no application where the property of the decedent is fully disposed of by his last will and testament.

**Action on note — parol evidence as to consideration.**

2. A promissory note given by a son to his father in his lifetime, where the father subsequently makes a will disposing of his estate at his death may, in an action upon the note by the executor of the will, be shown by parol evidence to have been given without consideration, that the money represented by the note was a gift by the father, and that the note was not intended as an obligation for the repayment of the money.

Action in the district court for Clay county by Olena Kragnes individually, and as administratrix of the estate of Andrew O. Kragnes, deceased, to recover $1,000 upon a promissory note. The substance of the answer is stated at the beginning of the opinion. Plaintiff's motion for judgment upon the pleadings was granted, Nye, J. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Christian G. Dosland,* for appellant.
*William Russell,* for respondent.

BROWN, C. J.

Action by plaintiff, administratrix of the estate of Andrew O. Kragnes, deceased, to recover upon a promissory note executed by defendant to decedent in his lifetime. Defendant's answer admitted the making and delivering of the note and alleged, in defense, that

[1] Reported in 145 N. W. 785.

defendant is a son of decedent, and that on February 6, 1904, decedent gave and advanced to him the amount of money for which the note was given, in anticipation of defendant's share in his father's estate, and the note was given at the request of decedent without other consideration and solely as a memorandum of such advancement and not otherwise; that decedent thereafter, in March, 1912, died leaving his last will and testament in and by which he bequeathed to defendant the sum of $500. The reply admits that decedent died testate and that by his will he bequeathed to defendant the sum of $500, but denied all other allegations of the answer. Plaintiff in the court below moved for judgment upon the pleadings which the court granted. Judgment was entered and defendant appealed.

The theory of the court below in granting the motion for judgment was that the subject of advancements is regulated and controlled entirely by section 3797, R. L. 1905 (G. S. 1913, § 7404), and that by the terms of the statute an advancement to be valid must be in writing, and, since in this action no such writing was claimed to have been made, it being so conceded, it could not be shown by parol evidence, hence, that the answer stated no defense which defendant could establish by competent evidence. The learned court below also treated the statute as applicable to both testate and intestate estates, being led to do so by what the court understood as a concession by counsel for defendant to that effect. The court therefore gave no special consideration to that feature of the case. It is unimportant at this time whether counsel intended to so concede, for he now insists that the doctrine has no application to testate estates, and the question is thus squarely presented for decision. If the basis for the decision appealed from be sound, it follows that the holding was correct, for it is clear that under our statutes, above cited, an advancement, as there regulated and controlled, must be expressed in writing. Porter v. Porter, 51 Me. 376; Barton v. Rice, 22 Pick (Mass.) 508; Pomeroy v. Pomeroy, 93 Wis. 262, 67 N. W. 430.

But the theory upon which the cause was so submitted below, and that the doctrine applies to both testate and intestate estates, is not sustained by the prevailing opinion of the courts of this country, or of England, though cases may be found in some of the states holding

it applicable to both situations. The foundation of the law upon the subject was a purpose to effectuate the presumed intention of the parent that his children should share equally in his estate, not only in what remained at his death, but also in all that came from him during his life by way of advancements or gifts. It applies peculiarly to intestate estates, where the parent leaves at his death no directions as to distribution of his property. But when he disposes of his estate by will, his directions are given, and they are conclusively presumed to be his final wishes in that respect. The will precludes all consideration of advancements during life, unless expressly saved by the will itself. 40 Cyc. 1921; Gilmore v. Jenkins, 129 Iowa, 686, 106 N. W. 193, 6 Ann. Cas. 1008; Marshall v. Rench, 3 Del. Ch. 239; Allen v. Allen, 13 S. C. 512, 36 Am. Rep. 716; Turpin v. Turpin, 88 Mo. 337; Trammel v. Trammel, 148 Ind. 489, 47 N. E. 925, 6 Ann. Cas. 1001. In such a case the reason for the rule, founded upon the theory of an equal distribution of the estate, ceases and the courts held the doctrine inapplicable. We so construe our statute and hold that it applies only to intestate estates.

We have then only to inquire whether it was competent for defendant, under the allegations of his answer, to prove by parol that the money in question was a gift from his father, for the allegations of the answer sufficiently present that defense. It alleges that the money was a gift, intended as an advancement, and that there was no consideration for the note. If in fact a gift, and the note was taken as a matter of form, to then express an advancement, it follows that the note was without consideration, for in that case there could have been no intention that it should be repaid. Such being the defense the case comes within the rule permitting the maker of a promissory note to show that it was given as accommodation paper. Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111. The question of the character of evidence admissible for this purpose is not involved. It is probable that defendant may not be in position to produce the necessary evidence, since his father is dead and he is precluded from giving in evidence conversations with him, but he may have competent evidence at hand, and this is sufficient reason for denying judgment on the pleadings.

Judgment reversed.