## EDWARD KUHNE v. JOHN GAU AND OTHERS.[1]

July 20, 1917.

Nos. 20,331—(154).

**Parent and child — advancement — promise to repay.**

1. Where a father makes an advancement to his daughter and then dies testate, the advancement becomes a mere gift. A promise to repay it to other heirs and a mortgage given to secure the performance of such promise, are without consideration.

**Same — construction of pleading.**

2. An allegation in pleading that an advancement was made, cannot be construed as an allegation that a loan was made, even though the donee after the death of the donor makes an agreement to repay.

**Contract — consideration stated not good — presumption.**

3. When seals were in use in this state, a seal affixed to a contract imported a good consideration, but where the contract purported to state the consideration and the consideration stated is not good, it will not be presumed that some other consideration existed which was good.

[1]Reported in 163 N. W. 982.

Action in the district court for Stearns county to foreclose a mortgage. Mathias Gau and Jennie Gau demurred to the complaint on the ground that the facts stated in the complaint did not constitute a cause of action. The demurrer was overruled, Roeser, J. From a judgment in favor of plaintiff, certain of the defendants appealed. Reversed.

*E. L. McMillan,* for appellants.

*Theodore Bruener,* for respondent.

HALLAM, J.

This is an appeal from a default judgment. The only question raised is that the complaint does not state facts sufficient to constitute a cause of action.

1. The facts alleged are as follows: Fred Kuhne died testate in March, 1894. He gave certain land to his widow for life, and after her death in undivided shares to his nine children.

In November 7, 1894, Elizabeth Gau, one of the children, gave to the other children a mortgage for $1,000 on her interest in the land. Plaintiff is now the owner of the mortgage. The consideration of the mortgage is not alleged, nor is there any allegation as to the facts or circumstances under which it was given, but the mortgage itself was attached to the complaint and it recited that Elizabeth Gau received from her father during his lifetime "as an advancement" the sum of $1,000, that Elizabeth did not, during the lifetime of her father, acknowledge the receipt of said advancement in writing, and "she is now desirous * * * that the said one thousand dollars ($1,000) so received as aforesaid should be deducted from her share of said estate after the expiration of the life estate" of her mother, and she acknowledged receipt of said $1,000 as an advancement, and "in consideration of the said sum of one thousand ($1,000) dollars so received for the purpose of securing the said amount to the other children," gave this mortgage, and in it promised to pay said sum to the other children. This action is to foreclose the mortgage. Elizabeth Gau is now dead and defendants are her heirs.

The contention of defendants is that this mortgage is without consideration. The theory is this: The doctrine of advancements has no application to testate estates. If a father gives his daughter $1,000 as an advancement, such amount will, in the event of the father dying intestate,

be deducted from the daughter's distributive share of the estate, but, if the father leaves a will, it will not be deducted from the share given her in the will, for the will is supposed to contain the final manifestation of the testator's bounty, and all advancements not saved by the will are extinguished (Kragnes v. Kragnes, 125 Minn. 115, 145 N. W. 785), and though it was understood at the time the payment was made that it should be an advancement, if the donor dies testate it becomes an absolute gift.

The allegations of the complaint disclose that situation here. The advancement was a gift. Every advancement is a gift. Even in case of intestacy it remains a gift. An advancement is never to be returned. In case of intestacy, the gift reduces by so much the share of the heir receiving it, while in case of testacy the gift becomes absolute.

It is settled in this state that, where such a gift is fully executed, a promise by the donee to repay it, is without consideration. Kragnes v. Kragnes, supra. If the allegations of the complaint are true, then this mortgage was without consideration and it cannot be enforced.

2. Plaintiff contends the word "advancement" where it appears in the mortgage is not to be taken in the legal sense but that it should be construed to mean a loan. We cannot agree to this. The term is not ambiguous. It has a well understood meaning. It does not signify a loan. It signifies only a gift. A promise made after the donor's death to repay it does not convert it into a loan. The recital in the mortgage is, of course, not conclusive of the nature of the transaction, but it is all that we have before us.

Plaintiff contends that this amount may, in fact, have been a loan, that the mortgage may have been the result of a family settlement, or of a compromise of a doubtful right. If the complaint had alleged any of these things, it would have stated a cause of action. But it did not do so, either in terms or by inference. When its sufficiency was challenged, plaintiff made no move to amend so as to allege any of these things. He stood on the allegations of the complaint as at first drawn. These allegations were not sufficient.

3. Plaintiff contends that the seal upon the mortgage executed in 1894, while seals were in use in this state, imported a good consideration. It would have imported a good consideration had there been no attempt to

state the real consideration, but where a consideration is stated in the instrument and the consideration so stated is an invalid one, it will not be presumed that another consideration existed which was good. Storch v. Duhnke, 76 Minn. 521, 79 N. W. 533.

Judgment reversed.