## IN RE ESTATE OF KATE STAPLES.
## IMOGENE STAPLES AND ANOTHER v. WORTH J. STAPLES AND OTHERS.[1]

February 19, 1943.

No. 33,393.

[1]Reported in 8 N. W. (2d) 45.

*Loring & Anderson,* for appellants.
*Koon, Whelan, Hempstead & Davis,* for respondents.

THOMAS GALLAGHER, JUSTICE.

By a petition filed in the probate court of Hennepin county, appellants, two of the daughters of Kate Staples, who died there on October 3, 1940, sought a construction of the last will and testament of said Kate Staples holding that certain payments, each in the sum of $4,000 made by decedent during her lifetime to her three sons, were not forgiven by the terms of her will, but, on the contrary, were intended to be charged against said sons as advancements.

By order dated November 8, 1941, the probate court held that the terms of the will clearly indicated that decedent had forgiven her sons such payments and that they were entitled to participate in the residue of the estate equally with the other residuary legatees.

From this order an appeal was taken to the district court, which by findings and order dated June 17, 1942, affirmed the order of the probate court on the point involved. From the judgment of the district court dated August 17, 1942, this appeal is taken.

The facts with reference to said payments and the will of Kate Staples are briefly as follows:

On January 14, 1914, decedent loaned to her son Worth J. Staples the sum of $4,000; on December 4, 1916, she loaned to her son Addison D. Staples $4,000; and on November 13, 1919, she loaned to her son Merrill H. Staples the sum of $4,000. In each instance she received from the son concerned his individual promissory note evidencing the debt. Two of the notes were secured by real estate mortgages.

On November 13, 1919, decedent cancelled and returned to each of her three sons their respective notes and satisfied the mortgages securing the same, and each of the sons at that time exe-

cuted and delivered to her written instruments, relevant portions of each of which were as follows:

"Now Therefore, I [name of son], son of said Kate Staples, * * * and maker of said note, do hereby acknowledge the payment to me of said sum of four thousand dollars ($4,000.00) by said Kate Staples, and do further acknowledge and receive the said sum of money as an advancement by my said mother, Kate Staples, during her lifetime, out of her estate, and do hereby consent and agree that the said sum of four thousand dollars ($4,000.00) be and remain a charge upon and against any sum of money, or other property, which I might otherwise have been entitled to have received at the death of my said mother, either by inheritance, or by reason of any legacy contained in the last will and testament of my said mother."

It does not appear that decedent had a will prepared at that time or that there was one in existence. In 1926 she visited her attorneys in Minneapolis and instructed them to prepare a will for her, based in part on a will she then had in her possession, the date of which does not appear in the record. This new will was executed by her on April 6, 1926. It remained in effect until her death and is the one involved in these proceedings. It included the following provisions:

"After the payment of all my just debts and funeral expenses, I hereby give, devise and bequeath my property in the manner and to the persons hereinafter specified.

"First: To Imogene Staples, Richfield Station, Minnesota, Four Thousand ($4,000.00) Dollars.

"Second: To Lillian P. Katz, now residing at 903 Sunnyside Avenue, Apartment 2, Chicago, Illinois, Four Thousand ($4,000.00) Dollars.

"Third: To Amber J. Tracy, One Thousand ($1,000.00) Dollars.

"Fourth: All the rest, residue and remainder of my estate remaining after the payment of the expenses and legacies hereinbefore specified, I give, devise and bequeath to Imogene Staples, Lil-

lian P. Katz, Addison D. Staples, Merrill H. Staples and Worth J. Staples, share and share alike.

"Fifth: It is my desire that the amounts hereinbefore devised and bequeathed by me to Imogene Staples and Lillian P. Katz be paid to them as soon after my decease as conveniently may be. My other children and heirs herein mentioned have heretofore been paid and given benefits which have not been paid and allowed to my children and heirs, Imogene Staples and Lillian P. Katz, which may serve to explain the provisions made for them by this, my Last Will and Testament."

Appellants, who are the persons mentioned in paragraphs *First* and *Second,* as well as *Fourth* above, contend that paragraph *Fifth* of said will did not constitute a waiver or change in the terms of the advancement agreements of the three sons, while respondents contend that said paragraph, taken with the preceding specific bequests to appellants herein, clearly indicated that decedent forgave such advancements and intended the children specified in paragraph *Fourth* to share equally in the residue of her estate.

Appellants also contend that if said paragraph *Fifth* did vitiate the previous advancement agreements, this was due to the inadvertence rather than the intention of decedent, and hence that the sons were still indebted to the estate for the sums previously given to them by decedent.

■ It is our opinion that the probate and district courts did not err in the construction of said will and the agreements collateral thereto, and that paragraph *Fifth* of the will, coming directly after the specific bequests to appellants in the same amounts as previously advanced to the sons, clearly manifested decedent's intention to equalize the specific distributions made to her children, to forgive the advancements made to her sons, and to permit all those specified in paragraph *Fourth* to share equally in the residue of her estate.

Minn. St. 1941, § 525.53 (Mason St. 1940 Supp. § 8992-127), provides:

"Any property given by an intestate in his lifetime to a child or other lineal descendant when expressed in the gift or grant as an advancement or charged in writing by the intestate as such, or so acknowledged by the child or other descendant, shall be deemed an advancement to such heir and treated as part of the estate of such intestate in the distribution of the same, and shall be taken by such heir toward his share of the estate."

This court has held that the doctrine of advancements as covered by said statute is not applicable where the party making the advancements subsequently executes his will and dies testate, unless such will expressly provides for the recognition of such advancements. This rule is expressed in Kragnes v. Kragnes, 125 Minn. 115, 117, 145 N. W. 785, as follows:

"The foundation of the law upon the subject was a purpose to effectuate the presumed intention of the parent that his children should share equally in his estate, not only in what remained at his death, but also in all that came from him during his life by way of advancements or gifts. It applies peculiarly to intestate estates, where the parent leaves at his death no directions as to distribution of his property. But when he disposes of his estate by will, his directions are given, and they are conclusively presumed to be his final wishes in that respect. The will precludes all consideration of advancements during life, unless expressly saved by the will itself. * * * In such a case the reason for the rule, founded upon the theory of an equal distribution of the estate, ceases and the courts held the doctrine inapplicable. We so construe our statute and hold that it applies only to intestate estates."

See also Kuhne v. Gau, 138 Minn. 34, 163 N. W. 982; and In re Estate of Beier, 205 Minn. 43, 284 N. W. 833.

In the instant case, Kate Staples made the will here involved several years after the advancement agreements. Had she so desired, it would have been a simple matter for her to instruct her

attorneys, when the will was prepared and executed, to insert therein, in clear and definite terms, her intention to regard the advancement agreements as still in effect. Not only did she fail to do this, but, on the contrary, according to the construction this court places on the language of said will, she clearly expressed her intention, first, to equalize her gifts to her children; second, to explain to them that such specific bequests achieved this aim; and, finally, to permit those mentioned in the residuary clause to share equally in the remainder of her estate regardless of the advancement agreements previously executed.

The court's duty to give effect to her intentions thus expressed is clear and unmistakable, and we hold that both the probate court and the district court in their construction of the will did give effect to the express will and intention of decedent.

■ We cannot agree with appellants' contention (assignment of error II) that, if paragraph *Fifth* of decedent's will constitutes a forgiveness of the debt, it was by inadvertence and that accordingly decedent's sons are indebted to the estate for the sums advanced to them. No evidence was presented which would support a finding of oversight or inadvertence on the part of testatrix.

It is apparent from a consideration of the actions of decedent that in 1919 she cancelled and terminated all obligations of her sons to repay the loans she had made them and never thereafter referred to such payments as debts.

In the case of In re Estate of Lindmeyer, 182 Minn. 607, 235 N. W. 377, cited by appellants, the debts involved had never been cancelled and were evidenced by promissory notes which, while "outlawed," had not at any time been marked "paid" or returned to the makers thereof. The court ruled that because there was no evidence of payment or cancellation of the debts they could be deducted from the debtors' share of the estate. L. 1939, c. 270, § 5, Minn. St. 1941, § 525.481 (Mason St. 1940 Supp. § 8992-115), also relied on by appellants, likewise extends only to a situation where the debt, although barred by the statute of limitations,

has not been paid or cancelled; hence it is inapplicable to the case at hand.

Affirmed.