Charlotte KESSEL, et al., Respondents,

v.

Bernard KESSEL, the Bernard Kessel Trust, etc., et al., Appellants.

No. C9-85-176.

Court of Appeals of Minnesota.

July 2, 1985.

890

Becky S. Toevs, Messerli & Kramer, Minneapolis, for respondents.

Roger A. Nurnberger, Nurnberger & Nurnberger, Minneapolis, for appellants.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

Respondents Charlotte Kessel and Kampf, Orey, Landsman, Seesel & Zerby, P.A. brought this action against appellants alleging appellant Bernard Kessel fraudulently conveyed certain property under Minn.Stat. § 513.23 (1982). The trial court granted respondents' motion for summary judgment. We affirm.

## FACTS

Respondent Charlotte and appellant Bernard Kessel were divorced in October 1981. The dissolution decree awarded Charlotte Kessel $1,200 per month permanent spousal maintenance. The court also ordered Bernard Kessel to provide Charlotte with medical insurance and to pay $6,630.90 in fees to respondents Kampf, Orey, Landsman, Seesel & Zerby, P.A., her attorneys. Bernard Kessel appealed the decree and the supreme court affirmed it in its entirety. The supreme court also ordered Bernard to pay $600 to Charlotte Kessel's attorneys for the costs of the appeal.

Bernard Kessel has never complied with the trial court's order. He has paid Charlotte Kessel $400 per month in spousal maintenance since the decree. He has not paid her attorneys any of the court ordered fees. On November 1, 1982, the trial court which presided over the dissolution matter ordered judgment of $10,186.59 entered for Charlotte Kessel against Bernard Kessel for spousal maintenance arrearages. The court also ordered judgment in favor of Kampf, Orey, Landsman, Seesel & Zerby for $7,935.70. Writs of execution issued on those judgments were returned wholly unsatisfied.

Until July 1983 Bernard Kessel operated the Kessel Bakery and Delicatessen in St. Paul. On or about June 22, 1983, Bernard Kessel created an irrevocable trust known as the Bernard Kessel Trust. In the document Bernard Kessel transferred to the trust 100% of the stock of the Kessel Bakery and Delicatessen, Inc., 100% of the stock of Kessel's Rental Properties, Inc., and other stock. The trust document names Bernard Kessel and his three children—appellants Cynthia Ardell Sabas, Orrin C. Kessel and Francine Ellen Hanson—as beneficiaries. It authorizes distribution of the income and the res to the beneficiaries. It appoints Francine Ellen Hanson as trustee and authorizes her to determine the amounts necessary for maintenance, income and support.

On July 1, 1983, Bernard Kessel as president of Kessel's Rental Properties, Inc., sold the Kessel Bakery business property to Rosemark Bakery, Inc. on a contract for deed. That property was the sole asset of Kessel's Rental Properties and was valued at $269,000. Following sale of the bakery, Bernard Kessel moved to Florida where he presently resides.

As trustee of the Bernard Kessel Trust, Francine Hanson held all stock in Kessel's Rental Properties. Shortly after the creation of the trust the trustee adopted a resolution completely liquidating the corporation and distributing the assets to herself in exchange for the stock. Appellants have admitted in their answer and in affidavits that most of the trust income from that sale has been distributed to Bernard or on his behalf. Spousal maintenance payments made to Charlotte Kessel were made out of the trust on behalf of Bernard.

Unaware of the creation of the Bernard Kessel Trust, respondents scheduled a contempt hearing in September 1983 before the judge who had issued the dissolution decree. Respondents alleged Bernard Kessel was in contempt for failure to pay spousal maintenance. That hearing was rescheduled before a referee for January 30, 1984. In lieu of Bernard Kessel's right to present direct testimony both at the contempt hearing and in supplemental proceedings initiated by appellants, the parties agreed to depose Bernard Kessel on December 8, 1983.

During the deposition respondents first learned of the creation of the Bernard Kessel Trust and the conveyances Bernard Kessel had made to it. Bernard Kessel testified that his only assets were two cars and a condominium in Florida. He valued his cars at between $1,200 and $1,400. He valued his condominium at approximately $33,000 to $35,000, subject to a mortgage of $14,400. During the deposition his attorney claimed the condominium was homestead property.

Appellants then commenced this action to set aside the transfer of Bernard Kessel's assets into the trust on the theory that he had fraudulently conveyed those assets. On January 25, 1984, the district court issued an order to show cause and a temporary restraining order enjoining and restraining appellants from selling, transferring, conveying or disposing or interfering with the trust res.

On January 30 the scheduled contempt hearing took place before the family court referee. In holding Bernard Kessel in constructive contempt the referee made the following finding:

That [Bernard] is capable of being employed as a baker; that [Bernard] cannot rid himself of the obligation to pay spousal maintenance by his voluntary act of selling the business and putting the proceeds into a trust * * *; that, in addition to his capacity for employment, [Bernard] has sufficient assets, including those in the purported trust, with which to make the spousal maintenance payments ordered by this Court; and that the creation of the trust is a deliberate attempt to circumvent his legal and moral obligation to pay [Charlotte] her share of the marital estate of the parties as directed by this Court.

The referee also found that an additional $8,800 in spousal maintenance arrearages had accumulated between the November 1, 1982 judgment and September 30, 1983. The referee's order is dated March 7, 1984 and further obligates Bernard to pay Charlotte $1,000 for her attorneys fees.

On March 8, 1984, a different trial court judge issued a temporary injunction, continuing the restrictions imposed upon appellants until final resolution of respondents' action for fraudulent conveyance. Respondents then moved for summary judgment. After hearing the motion a third trial court judge issued an order granting summary judgment. The court held that Bernard's conveyance of his assets to the trust constituted a fraudulent conveyance under Minn.Stat. § 513.23 (1982) as a matter of law. He appointed a receiver for the assets then in the trust and ordered the receiver to apply the assets to Bernard's debts including those spousal maintenance arrearages not reduced to judgment.

## ISSUES

1. Do the parties dispute any issues of fact material to a determination that a party fraudulently conveyed assets under Minn.Stat. § 513.23 (1982)?

2. Did the submission of a deposition in support of respondents' motion for summary judgment require the appellants to come forth with specific facts demonstrating that there was a genuine issue for trial?

3. For purposes of the present motion for summary judgment, could the respondents submit a deposition of the appellant which had been taken in a different lawsuit?

## ANALYSIS

Minn.Stat. § 513.23 (1982) provides:

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Appellants contest only Bernard Kessel's insolvency following the conveyance, Bernard Kessel's actual intent to defraud his creditors, and the merit of the affirmative defenses which appellants have raised.

### Actual intent

■ Appellants argue that evidence should be taken on Bernard Kessel's reasons for conveying his property to the trust. The trial court in its memorandum stated that Bernard Kessel has played a "charade" in "a deliberate attempt to circumvent" his obligation to pay spousal maintenance. Appellants argue that Bernard Kessel should have an opportunity to disprove these statements. Actual intent, however, is irrelevant under Minn.Stat. § 513.23, the provision utilized by the trial court. The trial court's comments, although unneeded, do not give appellants the right to a trial on that issue.

### Insolvency

Appellants argue that a question of fact exists on Bernard Kessel's insolvency immediately following the conveyances to the trust. In their pleadings appellants specifically denied respondents' allegations that Bernard Kessel was insolvent. Respondents contend that other admissions and documents conclusively show Kessel was insolvent.

Minn.Stat. § 513.21 (1982) defines insolvency:

(1) A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

Based upon the pleadings it is clear that Bernard Kessel had the following liabilities when he made the conveyances to the trust:

| | |
|---|---|
| 11/1/82 Judgments | $17,535.70 |
| Added arrearages as of 6/22/83 | $ 6,400.00 |
| TOTAL | $23,935.70 |

The pleadings also establish that Bernard Kessel owned property far in excess of that amount prior to the conveyance, specifically his stock in Kessel Rental Properties worth approximately $200,000 as indicated by the sales price.

The factual conclusion contested on appeal is the value of Bernard Kessel's assets following the conveyance. Bernard admitted in his answer and in an affidavit that the only assets of value he still owned after the transfer were a car and his interest in a Florida condominium. Respondents did not plead a value for either of those assets. To show that Bernard Kessel was insolvent, respondents make two arguments.

Respondents first argue that the value of the condominium and the car is irrelevant because both are exempt from execution under Minnesota law. Exempt assets are excluded from the definition of assets under the fraudulent conveyances act. Minn. Stat. § 513.20 (1982). This argument fails, however, because certain factual matters vital to proving the statutory exemptions are unresolved in the file. In the December 8, 1983 deposition, Bernard Kessel's attorney claimed the Florida condominium was homestead property. He now claims that the condominium was not exempt at the time of the conveyances, June 1983. Other facts providing this court with a

basis to determine if the requirements of the Minnesota homestead exemption or automobile exemption statutes are met are not contained in the file. Minn.Stat. §§ 510.01 and 550.37, subd. 12(a) (1982). An additional question not addressed to the trial court is whether the Minnesota exemption statutes even apply to property owned by Bernard Kessel who in June 1983 moved to Florida.

Respondents' second argument is more persuasive. They argue that uncontested facts presented to the trial court on the motion for summary judgment show the value of Bernard Kessel's car and condominium to be less than his debts. Those facts were contained in deposition testimony Bernard Kessel gave on December 8, 1983. That deposition was taken before this action commenced for use in family court contempt proceedings instituted against Kessel for failure to pay spousal maintenance payments. Respondents attached the deposition to their amended motion for a temporary injunction, dated February 23, 1984. Kessel testified then that his cars were worth $1,200 to $1,400, and that his condominium had a market value of $33,000 to $35,000 subject to a mortgage of $14,000. The specific facts show, respondents claim, that Kessel had assets valued at no more than $22,000, less than his admitted debts.

Since Kessel did not present any additional evidence to the court contradicting those specific facts, respondents claim no material question of fact existed. They rely on the rule stated in Minn.R.Civ.P. 56.05:

> When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

To decide if Bernard Kessel had an obligation to allege specific values for his property, we must decide whether respondents themselves properly raised the specific facts showing the value of Kessel's assets through his deposition. Bernard and the other appellants argue that this document does not comply with the rule governing the manner in which facts may be presented to the court on summary judgment motions.

The Minnesota Rules of Civil Procedure provide that a party moving for summary judgment should present facts to the court supporting its motion. Rule 56.05 indicates affidavits are a proper means of presenting facts to the court.

> Supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

No cases specifically discuss whether a transcript of an opposing party's deposition testimony is a proper means of presenting facts to the court. We see no reason, however, to prohibit the use of depositions in summary judgment proceedings. Depositions meet the same general standard of reliability as affidavits because the factual assertions in both are made under oath. Rule 56.05 explicitly allows courts to use deposition testimony supplementing facts contained in affidavits. When, as here, probative admissions are contained in the deposition of a party who has the personal knowledge required by Rule 56.05, those facts should be available to assist the trial court in determining whether a trial is necessary.

Appellants further contend use of the deposition is improper because the deposition was taken for proceedings relating to the Kessels' dissolution action, an action independent from this action. Appellants also argue they had insufficient notice that respondents were relying upon the deposi-

tion since it was attached to a memorandum previously filed, and not to the motion for summary judgment. We find little merit to these contentions. The reliability and materiality of Bernard Kessel's admissions are not affected by the fact they originated in a separate proceeding. If there were some circumstance bearing on those admissions, appellants had the opportunity to explain in opposing affidavits. Appellants' contention that they had inadequate notice of respondents' reliance on the deposition is false. Respondents explicitly refer to the specific factual admissions in their memorandum supporting the motion for summary judgment, and identify the deposition as the source of those admissions. That deposition was contained in the district court file, upon which the motion was based.

The final matter appellants raise is the probative value of Bernard Kessel's factual admissions to support the trial court's determination that no question of fact existed on insolvency. Appellants argue that Bernard Kessel's deposition testimony establishes only his insolvency at the time of the deposition, December 8, 1983. The actual conveyance occurred six months earlier. Appellants assert that insolvency at one point in time does not establish a party's insolvency at a different point in time. *See Neubauer v. Cloutier*, 265 Minn. 539, 122 N.W.2d 623 (1963); *Hathaway v. Brown*, 18 Minn. 414 (Gil. 373) (1872).

■ Although Bernard Kessel's insolvency in December 1983 does not itself support an inference that he was insolvent six months earlier, the deposition reveals facts that show more than the bare fact of insolvency. The parties agree that Bernard held in June 1983 and in December 1983: the same car and the same condominium. It is generally held that evidence of property value is competent so long as the evidence is not too remote in time. *See State v. Schoberg*, 279 Minn. 145, 155 N.W.2d 750 (1968). Since the evidence on the value of assets in December is competent evidence on the value of the same assets six months earlier, appellants had

the burden of rebutting those facts with specific facts tending to show a different value. When appellants failed to present any facts indicating a different value, the trial court properly ordered summary judgment.

*Affirmative defenses*

■ In their answer appellants assert estoppel, waiver, and election of remedies as affirmative defenses to respondents' action. When responding to a motion for summary judgment, the non-movant has the burden of alleging specific facts supporting its affirmative defenses. *See Marose v. Hennameyer*, 347 N.W.2d 509, 511 (Minn.Ct.App.1984).

After reviewing the pleadings, affidavits and other documents we find the only fact alleged which supports appellants' defenses is Charlotte Kessel's voluntary receipt of money from this trust. The money they refer to is the $400 monthly payments Charlotte Kessel received during the period following creation of the trust in June 1983 until she began this action in January 1984. Appellants, however, do not contest respondents' assertion that none of the respondents, including Charlotte Kessel, knew of the trust until December 1983. Viewing the facts most favorably to appellants, it appears that Charlotte Kessel may have accepted $400 payments in December 1983 and January 1984 with the knowledge that those payments came from the proceeds of the Bernard Kessel Trust.

■ The question is whether Charlotte Kessel's acceptance of partial spousal maintenance payments from the trust is sufficient evidence to establish any of the defenses appellants raise. We hold this fact is by itself insufficient to raise a material question of fact on these definitions.

■ To state a factual basis for equitable estoppel the party seeking to use estoppel must allege some act or representation upon which it reasonably relied to its detriment. *See Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 285–86, 230 N.W.2d 588, 594–95 (1975). That act or

representation must amount to a representation of fact. *Id.* Here, appellants have not alleged any factual representation arising from Charlotte Kessel's acceptance of those payments. They also have not presented a basis for detrimental reliance. They admit that Bernard Kessel is the primary beneficiary of the trust and they assert that those payments were made to Charlotte Kessel on his behalf to partially satisfy his monthly spousal maintenance obligation. It is well established that acts induced by representations of fact do not form the basis for estoppel when those acts are done to satisfy an existing legal duty. *Western Land Association v. Banks,* 80 Minn. 317, 321, 83 N.W. 192, 193 (1900). Since Bernard Kessel had an existing duty to pay Charlotte Kessel $1,200 per month, the Bernard Kessel Trust suffered no detriment when Charlotte Kessel accepted $400 payments in partial satisfaction of that duty.

Waiver, also an affirmative defense, is the voluntary relinquishment of a known right. Appellants apparently contend that Charlotte Kessel waived her right to attack the conveyances to the trust as fraudulent. The mere fact that she accepted payments is not enough to support a reasonable inference that she waived a known right. Appellants argue that the order of summary judgment denies them the right to develop facts supporting this theory. Appellants' attorney, however, deposed Charlotte Kessel in March 1984. This summary judgment motion was not heard until October 1984, giving appellants ample time to conduct any additional discovery needed to support their defenses. Therefore the trial court properly ruled against this defense on summary judgment. *See Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50, 53 (Minn.Ct.App.1984).

Appellants also assert that the election of remedies doctrine is a defense to respondents' action, but they fail to suggest how it applies. When a party has two or more inconsistent remedies, the election of remedies doctrine applies to prevent the party from pursuing both remedies. *Hard-*

*ware Mutual Casualty Co. v. Ozmun,* 217 Minn. 280, 287, 14 N.W.2d 351, 355 (1944). Since no alternative and inconsistent theory is suggested by appellants, the trial court properly rejected that defense as well.

A final argument appellants make is that the trial court should have taken evidence to determine the nature of the trust and its assets before nullifying the conveyances and destroying its res. Appellants contend that the court, in a supervisory role, should have determined whether its action was in the "best interests of all the parties." The fraudulent conveyances act, however, does not instruct the courts to make such a determination. Rather, it gives creditors a right to nullify conveyances meeting the requirements of Minn.Stat. § 513.23. We find no basis to limit that right to those cases where a best interests test is met.

### DECISION

We affirm the trial court's conclusion that no issue of material fact exists for trial and that respondents are entitled to judgment.