**In re ESTATE OF Edward J. SIMPKINS, Deceased.**

**No. C0–89–950.**

Court of Appeals of Minnesota.

Oct. 3, 1989.

Julius A. Coller, II, Shakopee, for estate.

Mark H. Stromwall, Prior Lake, for respondent Marguerite Jorgenson.

Norbert B. Traxler, O'Neill, Traxler & Zard, Ltd., New Prague, for appellants Dorothy Engle, Kathryn Wenik, William Simpkins and Donald Simpkins.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Four sibling heirs appeal the distribution of their deceased brother's will. They request a remand to the trial court to reconstrue the will to include a parcel of realty as an advancement from their dead father's estate or, alternatively, to enforce a prior settlement agreement. We affirm.

## FACTS

On August 14, 1970, William Simpkins, father of six adult children, executed a will dividing his property among all his children. His son Edward was named executor. In Article III William devised his real estate as follows:

Edward Simpkins 10% (*in addition to that part* of the Southeast Quarter of the Southeast Quarter, Section Three, Township One Hundred Fourteen, Range Twenty–Two, Scott County, Minnesota, *conveyed to Edward Simpkins by said William J. Simpkins by deed dated August 14, 1970*); William Simpkins 17%; Donald Simpkins 17%; Marguerite Jorgenson 22%; Kathryn Wenik 17%; and Dorothy Engel 17%.

(Emphasis added). William delivered the deed to Edward on August 14, 1970.

On March 17, 1975, William Simpkins died. In March 1986 Edward sold two and a half acres of the seven-acre homestead parcel to a construction company. In return the company erected a townhouse for him on the property. In November 1976 Edward, as executor, inventoried the property contained in William's estate. Edward did not list the seven-acre homestead, which by then he had owned for six years, as part of William's estate.

Four months after listing the contents of William's estate, Edward made out his own last will and testament, dated March 24, 1977. In Article II he devised

*any interest that I may have in the estate of my late father*, William J. Simpkins, in five equal shares, one such share to each of my following brothers and sisters who survive me * * *.

(Emphasis added). Article III of Edward's will devised the residue of his estate to his sister, Marguerite Jorgenson.

On February 9, 1988, Edward Simpkins died. Eleven days later the five surviving siblings met to try to agree on what the disputed phrase in his will meant. The settlement agreement referring to the seven-acre parcel, now consisting of four-plus acres and a townhouse, stated:

The remaining 4 + acres * * * will be defined as part of the estate of W.J. Simpkins and will be divided equally into 5 shares among the survivng brothers and sisters.

The townhouse is not part of the W.J. Simpkins estate and therefore will go to Marguerite Jorgenson.

On May 25, 1988, Marguerite had her lawyer write the executor of Edward's estate to claim that she had entered into the settlement agreement under duress, that she was now repudiating the agreement and that the whole value of the seven-acre parcel should pass to her under the residuary clause.

The four other sibling heirs then petitioned the probate court to construe the phrase in Edward's will, referring to his interest in William's estate, to include the whole seven acres and therefore to split its value equally among all five heirs. They noted that they were now disregarding the earlier settlement agreement. They asserted that because it was mentioned specifically in William's will, the deeding of the seven acres to Edward was an advancement by William to Edward.

The probate court held there was no advancement because the father did not die intestate. The court construed the phrase in Article II of Edward's will to exclude the seven-acre parcel. The court held that Marguerite, as the residuary legatee, would receive the seven acres.

The four heirs then petitioned the probate court to enforce the settlement agreement with Marguerite. Noting that the heirs had argued earlier that the agreement should be disregarded, the court held that the "agreement is no longer in effect, and thus there is nothing for the court to order enforced."

The probate court ordered the distribution of Edward Simpkins' estate, giving the seven-acre parcel to Marguerite Jorgenson and dividing the remainder of Edward's realty equally among all five sibling heirs. The four other siblings appeal the distribution.

## ISSUES

1. Did the probate court err in its construction of Edward's will when it deter-

mined that William Simpkins' will did not create an advancement and that Edward did not consider the seven-acre parcel to be an advancement?

2. Was it error for the probate court to deny enforcement of a settlement agreement when the moving parties initially elected to disregard the settlement to pursue an alternative construction of the will?

## DISCUSSION

■ This court's scope of review is limited to deciding whether the probate court's findings are clearly erroneous and whether it erred in its legal conclusions. *Hardwick v. Hansen*, 374 N.W.2d 297, 299 (Minn.Ct. App.1985).

### I

■ The appellant heirs contend that William's deeding of the seven acres to Edward, simultaneously with the drawing of his will, constituted an advancement on William's estate. They note that Edward received a lesser percentage of William's other realty than did the other siblings and assert this to be evidence of William's intent to make the deed an advancement. This argument ignores, however, the definition of advancements laid down by the supreme court in *In Re Beier's Estate*, 205 Minn. 43, 284 N.W. 833 (Minn.1939). The court there quoted 1 Am.Jur.Advancements § 3, defining an advancement as a

gift, not required by law, made by a parent, during his lifetime, to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the portion of the donor's estate that the donee would be entitled to on the death of the donor *intestate*.

*Id.* at 46–47, 284 N.W. at 835 (emphasis added). Thus, even if William did intend the deeding of the seven acres to be an

advancement, it cannot be one because William did not die *intestate*.[1]

■ Furthermore, it is clear that Edward, as testator, did not consider the seven acres to be part of his father's estate. As personal representative for his father's estate, he did not list the parcel in the inventory of the estate and thus could not have intended, only four months later, to have the parcel pass under the phrase in his will referring to "any interest that I may have in the estate of my late father".

We conclude that the probate court did not err in its attempt

to ascertain the actual intention of the testator as it appears from a full and complete consideration of the entire will when read in light of the surrounding circumstances at the time of the execution of the will.

*Matter of Hartman*, 347 N.W.2d 480, 482–83 (Minn.1984).

### II

■ Appellants, upon notice of their sister Marguerite's repudiation of the settlement agreement, had a choice of remedies. They could either adhere to the settlement agreement and petition the court for its enforcement, or they could discard the settlement and pursue a construction of the will that would divide the seven-acre parcel equally among all of the heirs.

When a party has two or more inconsistent remedies, the election of remedies doctrine applies to prevent the party from pursuing both remedies.

*Kessel v. Kessel*, 370 N.W.2d 889, 896 (Minn.Ct.App.1985).

The four heirs initially chose to renounce the settlement agreement and pursue a different construction of the will. However, when the probate court construed Edward's will contrary to their interest, they

1. Appellants contend the doctrine of advancements is applicable when there is a will "which expressly provides for the recognition of such advancement." *In Re Staples Estate*, 214 Minn. 337, 341, 8 N.W.2d 45, 47 (1943) (citing *Kragnes v. Kragnes*, 125 Minn. 115, 117, 145 N.W. 785 (1914). Yet *In Re Staples* quotes *Kragnes* to note that "when [the parent] disposes of his

estate by will, his directions are given, and they are conclusively presumed to be his final wishes in that respect. * * * In such a case the reason for the rule, founded upon the theory of equal distribution of the estate, ceases and the court held the doctrine [of advancements] inapplicable." *Id.*

attempted to return to the agreement. We believe they were no longer in a position to do so, having elected their remedy by having moved for a different construction of the will.

## DECISION

The probate court did not err in its determination that William Simpkins' will did not create an advancement because he did not die intestate. Edward did not consider the parcel his father had deeded him to be part of his father's estate. The probate court did not err in finding that the parcel in dispute passed under the residuary clause to respondent Marguerite Jorgenson. It was not error to deny enforcement of the settlement agreement after appellants discarded it, pursued an inconsistent remedy and then attempted to return to the agreement.

Affirmed.