*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0959**

In re the Estate of John Kenneth Rutt AKA John K. Rutt and John Rutt, Deceased.

**Filed April 6, 2026**
**Affirmed; motion denied**
**Smith, Tracy M., Judge**

Carver County District Court
File No. 10-PR-06-104

Roxanne R. Karl, Roxanne R. Karl Law Office, Burnsville, Minnesota (for appellant David J. Rutt)

Patrick B. Steinhoff, Thomas F. DeVincke, Malkerson Gunn Martin LLP, Minneapolis, Minnesota (for respondents Carol Breeggemann and JoAnne Ege)

Considered and decided by Connolly, Presiding Judge; Smith, Tracy M., Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

In this dispute in a supervised probate matter, appellant beneficiary argues that the district court should not have approved the supplemental final account (final account) and proposed distribution of his father's estate because (1) the final account and proposed distribution were based on financial documentation that was incorrect and (2) an evidentiary hearing and discovery were warranted. Respondents, the co-personal representatives of the estate, have moved to dismiss the appeal as moot. We deny respondents' motion to dismiss the appeal and affirm the district court.

# FACTS

This is the most recent of many appellate matters arising from the probate of decedent John Rutt's estate. *See In re Est. of Rutt*, No. A09-2336, 2010 WL 3958649 (Minn. App. Oct. 12, 2010) (*Rutt I*), *rev. denied* (Minn. Dec. 22, 2010); *In re Est. of Rutt*, 824 N.W.2d 641 (Minn. App. 2012) (*Rutt II*), *rev. denied* (Minn. Jan. 29, 2013); *In re Est. of Rutt*, No. A18-0749, 2019 WL 1104819 (Minn. App. Mar. 11, 2019) (*Rutt III*); *In re Est. of Rutt*, No. A23-0033, 2023 WL 7477256 (Minn. App. Nov. 13, 2023) (*Rutt IV*), *rev. denied* (Minn. Jan. 31, 2024). John Rutt died in 2006, leaving a will with the following beneficiaries: Jeanette Hentges (daughter), Rosemary Schmitt (daughter), respondent Carol Breeggemann (daughter), Estate of Marsha Markham (daughter (deceased)), respondent JoAnne Ege (daughter), Paula Corrigan (daughter), and appellant David Rutt (son).[1] Respondents Breeggemann and Ege are the estate's current co-personal representatives. In the previous litigation, Rutt raised various arguments challenging respondents' proposed accounts, the assets included in the estate, and the partial distribution of assets, and alleging breach of fiduciary duties by the appointed co-personal representatives.

In February 2025, respondents filed a petition to allow the final account, settlement, and distribution of the estate, pursuant to Minnesota Statutes section 524.3-1001(a)(1) (2024). Rutt filed an objection to respondents' petition, asserting a lack of supporting documentation and arguing that he is entitled to an evidentiary hearing. A nonevidentiary hearing was held, and on April 11, the district court filed an order denying Rutt's request

---

[1] An additional beneficiary, Peter Rutt (decedent's other son) previously waived his interest. We refer to appellant David Rutt as "Rutt" and John Rutt as "decedent."

2

for an evidentiary hearing and granting respondent's petition. Regarding the petition, the district court found that "[t]he Estate has been in all respects fully administered, and all expenses, debts, valid charges and all claims allowed against this Estate have been paid" and that "the bases of Rutt's objections have already been decided against [Rutt]." Regarding Rutt's request for an evidentiary hearing, the district court determined that there is no applicable authority requiring an evidentiary hearing and that the district court "ha[d] an *exceedingly informative* court record to allow the Final Estate."

Pursuant to the district court's order, respondents, in their capacity as co-personal representatives, issued checks for final distribution payments of $20,068.65 to each beneficiary via mail. Rutt refused delivery of his check.

Rutt appeals. Respondents moved to dismiss the appeal as moot, and their motion has been referred to this panel.

**DECISION**

We first address respondents' motion to dismiss the appeal and then turn to Rutt's challenges to the district court's order and its decision not to hold an evidentiary hearing.

**I.    This appeal is not moot.**

"Justiciability is an issue of law, which [appellate courts] review de novo." *Winkowski v. Winkowski*, 989 N.W.2d 302, 307 (Minn. 2023) (quotation omitted). "An appeal should be dismissed as moot when a decision on the merits is no longer necessary or an award of effective relief is no longer possible. But an appeal is not moot when a party could be afforded effective relief." *Laymon v. Minn. Premier Props., LLC*, 903 N.W.2d 6, 19 (Minn. App. 2017) (quotations omitted), *aff'd*, 913 N.W.2d 449 (Minn. 2018).

3

"Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Dean v. City of Winona*, 868 N.W.2d 1, 4-5 (Minn. 2015) (quotation omitted). "If a party to an appeal suggests that the controversy has, since the rendering of judgment below, become moot, that party bears the burden of coming forward with the subsequent events that have produced that alleged result." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

Respondents argue that effective relief is no longer available to Rutt because the distribution that he challenges has already been made. Respondents also contend that, to preserve the hearing issue for appeal, Rutt was required to bring a motion in the district court to stay the execution of the order to distribute funds to the heirs pending appeal. We are not persuaded.

We disagree that Rutt's appeal is moot because the distribution of estate assets has been made to the beneficiaries in accordance with the judgment. Rutt's appeal challenges the methods used to calculate the final account. If Rutt's arguments succeed, the amount that should be paid to each beneficiary could be affected. In that case, it would be within this court's power to remand to the district court for proceedings that could result in a modification of the previous order—including an adjustment of the amount distributed to each beneficiary. Therefore, if Rutt prevails on his arguments to this court, it is possible that he could obtain at least some relief from this appeal.

We also disagree that the appeal is moot because Rutt did not request a stay in the district court. As Rutt points out, respondents paid the disbursements on April 15—the

4

fourth day after the district court filed its April 11 order. At that point, it no longer made sense for Rutt to request a stay because the disbursements had already occurred.

In sum, respondents have not met their burden to prove that the appeal is moot, and their motion to dismiss is therefore denied.

**II.     The district court did not err by granting the petition and doing so without an evidentiary hearing.**

Rutt asserts several challenges to the district court's findings based on a "lack of supporting details and documentation." He also argues that he was entitled to an evidentiary hearing. We address his arguments in turn.

**A.     Rutt's challenges to the district court's determinations fail.**

Appellate courts review a probate order to determine "whether the probate court's findings are clearly erroneous and whether it erred in its legal conclusions." *In re Est. of Simpkins*, 446 N.W.2d 188, 190 (Minn. App. 1989). Minnesota Statutes section 524.3-1001 (2024) provides the process for settlement of an estate.[2] The statute specifies:

> A personal representative or any interested person may petition for an order of complete settlement of the estate. . . . After notice to all interested persons and hearing the court may enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate, and, as circumstances require, approving settlement and directing or approving distribution of the estate and discharging the personal representative from further claim or demand of any interested person.

Minn. Stat. § 524.3-1001(a)(1).

---

[2] Minnesota Statutes section 524.3-505 (2024) provides that supervised administration is terminated according to the procedures outlined in section 524.3-1001.

Rutt asserts several challenges to the district court's determinations, none of which is persuasive.

### 1.    Cash Assets Reserved for Future Compensation

Rutt argues that, in the proposed final account, respondents failed to account for cash assets that had been reserved for future compensation of personal representatives and estimated future attorney fees totaling $23,960. Respondents counter that there are no missing funds and it appears that Rutt misread the proposed final account because all funds from the 2017 supplemental account were carried over to the final account form.

The district court found that "the Estate has been in all respects fully administered, and all expenses, debts, valid charges and all claims allowed against this estate have been paid" and that the final account filed by the personal representatives "accounts for every part of the estate." The district court considered but rejected Rutt's argument that funds were unaccounted for. There is nothing in the record that supports Rutt's allegation that these funds are "missing," and we see no clear error in the district court's finding that the final account accounted for every part of the estate.

### 2.    Characterization of Taxable Judgment Interest

Rutt argues that the amount of "judgment interest" in the final account form is inaccurate because respondents mischaracterized $97,051.66 as funds obtained from "garnishments" rather than as "judgment interest."[3] The implication of this

---

[3] These garnishments were to satisfy judgments against Rutt in favor of the estate. As explained in *Rutt III*, Rutt had, through various misconduct, deprived the estate of funds, and the estate obtained judgments against Rutt to pay back the funds that he wrongly took from the estate. *Rutt III*, 2019 WL 1104819, at *1.

mischaracterization, Rutt contends, is that judgment interest is reported to the state as interest income for tax purposes and there is a "need for further investigation to determine if [respondents'] miscategorization was done to avoid paying required fiduciary income taxes, penalties, and/or interest on the garnishment interest income." Respondents argue that they have no obligation to provide tax information and note that this is the third time that Rutt has raised this argument. Rutt counters that, while he raised a similar argument previously, it was not with respect to any matters since a March 2018 order in the case.

The district court determined that there was no legal basis for Rutt's objection to the judgment-interest calculation in the final account because personal representatives are not required to attach tax returns or other documentation. We see no error in this ruling. Because Rutt has only speculated that respondents mischaracterized these funds in tax documents and has not cited any authority to support that the district court was required to consider tax returns or other tax documentation, Rutt's argument fails.

### 3. Documentation of Attorney and CPA Fees

Rutt argues that the final account form did not include sufficient itemization of, or documentation to support, the attorney fees and costs and the certified-public-account (CPA) fees paid by the estate. Rutt argues that, to exercise his right to ask the court to determine whether fees are fair and reasonable under Minnesota Statutes sections 524.3-721 and 525.515 (2024),[4] further information was required.

---

[4] Section 525.515 provides factors to consider when determining reasonableness of attorney fees.

Under section 524.3-721, a district court may be asked to review the propriety of the employment of attorneys and advisors by motion of any interested person. We note that Rutt made no such motion here. Even if he had, however, his argument would fail.

The total attorney fees and expenses listed on the final account form are $91,119.64. The form includes spaces for "Item Number," "Description," "Hourly Rate," and "Number of Hours," but those spaces are left blank. The CPA fees are similarly represented by a single number, $6,740. At the hearing, respondents encouraged the district court to "look at the court record, and the appeals, and the sort of campaign litigation, objection, and delay that [Rutt] has engaged in over the last decade and a half" as evidence that the fees were reasonably incurred over a period of eight years.

We see no error in the district court's approval of the fees in the final account. The statutory requirement is simply that a final account include a statement of attorney fees and representative fees that "include[s] the total fees charged to date and estimated future fees to be charged." Minn. Stat. § 525.48 (2024). An itemized list is not required by the statute. The final account form submitted by respondents meets the standard articulated in section 525.48.

As to the fees' reasonableness, our nonprecedential decision in *In re Estate of Gosnell* is instructive.[5] No. A05-1879, 2006 WL 2348079 (Minn. App. Aug. 15, 2006). In *Gosnell*, we concluded that the district court did not abuse its discretion by denying the

---

[5] We rely on this nonprecedential opinion as persuasive authority. *See Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 800 (Minn. App. 1993).

appellant's request for additional discovery or evidentiary hearings. *Id.* at *3. We reasoned that the district court had sufficient information based on the parties' submissions to the district court, citing "the district court's extensive experience with this probate and the issues involved in this case, the voluminous probate-court file, and the detailed time records submitted by the law firm handling the estate." *Id.* But, because the district court filed an order allowing the final account without any findings of fact or accompanying memoranda, we remanded for further fact-finding and analysis on the reasonableness of attorney and personal representative fees. *Id.* at *4.

Here, unlike in *Gosnell*, the district court issued an accompanying memorandum that included findings of fact and conclusions of law. The district court's order stated that it relied on the extensive record of this case to approve the final account, noting that, over the 20-year history of the case, there have been 12 hearings in the district court, 5 appeals,[6] and 3 petitions for review. On this record, the approval of the attorney fees and CPA fees in the final account was not error.

### 4. Tax Returns

Rutt argues that the district court's order lacks support because respondents did not provide documentation or itemization of tax returns and documentation as to whether there was late filing. Rutt specifically argues that, because he, as an estate devisee, could be personally liable for unpaid taxes or penalties after the estate has been closed, he is entitled to an evidentiary hearing and discovery on the question of taxes. But again, Rutt cites no

---

[6] One of these appeals was dismissed; the others resulted in the opinions cited above.

authority that entitles him to this information or requires that respondents submit this evidence to him or to the district court. Additionally, Rutt is positing a hypothetical problem that has not actually occurred. The district court did not err by declining to require respondents to submit tax documentation.

**B.  The district court did not abuse its discretion by ruling without an evidentiary hearing or discovery.**

Lastly, Rutt argues that the district court abused its discretion by denying his request for an evidentiary hearing and discovery.

Rutt asserts that the district court erred by determining that he has had "ample opportunity" to examine the circumstances surrounding the estate because Rutt only requests review of matters that occurred after the March 2018 order, so his previous examination of the circumstances is irrelevant. Rutt also challenges the district court's finding that Rutt raised several of the same arguments previously, asserting that the arguments in this case are distinct because he has received no information, such as explanations of attorney fees, in the past seven years, when he had received such information previously.

But just because Rutt's argument is focused on the past seven years does not mean that the record from the past nearly 20 years of litigation is not relevant to understanding the assets in the estate and the attorney fees expended. In its order, the district court distinguished this case from *In re Henry's Estate*, in which the supreme court reversed and remanded when the party who challenged the final account had no opportunity to examine the representative, noting that Rutt has had ample opportunities to examine the co-personal

representatives. 292 N.W. 249 (Minn. 1940). We find this rationale persuasive and conclude that the district court did not err by determining that Rutt has had ample opportunity to examine the co-representatives over the course of the litigation.

Moreover, we are not convinced that an evidentiary hearing and discovery was necessary to resolve Rutt's objections. As we explained above, his challenges to the district court's order fail because he either misunderstands the existing documents or he is mistaken about the documentation requirements for a proposed final account.

In granting respondents' petition without an evidentiary hearing and discovery, the district court wrote:

> At this time, this Court has an *exceedingly informative* court record to allow the Final Estate. Rutt has exhausted all of his options to object to this Final Accounting. He has been afforded numerous opportunities to state his objections. He has utilized the court system to its maximum ability. His objections have been considered and overruled. This Court feels it is now finally appropriate to approve the Final Account, settle the Estate, and order distribution.

On this record, we discern no abuse of discretion in the district court's decision.

**Affirmed; motion denied.**